JOHN A. ROBERTSON v. T. W. HALTON.

(Filed 11 October, 1911.)

### 1. Fraud—False Warranty—Deceit—Two Transactions—Damages— Special Loss.

The plaintiff exchanged a bay mare with defendant for his mule and $20, the difference in value between the two animals, and finding the mule did not come up to representations made by the defendant, the latter substituted a mare for the mule. In an action for deceit and false warranty, as to both transactions: *Held*, the measure of damages is the difference between the value of the last mare, as she was and as she was represented to be, or as, under the contract or representation, she should have been; and that to permit a recovery upon the false warranty and deceit as to the mule was to mulct defendant twice in damages unless the plaintiff had shown some special loss in addition to the ordinary damages which result in such cases from the deceit or false warranty.

### 2. Fraud—Evidence—Deceit in One Transaction—Intent—Scienter.

In an action for deceit and false warranty in the exchange of a mule for plaintiff's mare, and likewise in the substitution of a mare for the mule upon demand of plaintiff that defendant make good his representations, the deceit or false warranty in the first transaction, if established, will be evidence of the defendant's intent, or *scienter* in the last, as the two are so closely connected with each other as to render the evidence admissible to show fraud in the second exchange.

### 3. Fraud—False Warranty—Deceit—Issues—Punitive Damages.

When deceit and false warranty are alleged in the exchange of a mule for a mare and in the subsequent substitution by defendant of a mare for the mule, and there is no element of punitive damages involved, ordinarily two separate issues should be submitted to the jury, one each as to warranty and deceit and another as to damages, the damages for the deceit and for the false warranty being the same.

### 4. Fraud—False Warranty—Vendor and Vendee—Recommendation of Wares—Evidence—Questions for Jury.

While a statement made by the seller in recommending his goods may not ordinarily amount to a warranty, it may be otherwise when the statement takes the form of an opinion or estimate of quality or value, and it is doubtful whether or not a warranty was intended, for then the jury should decide whether a warranty was, in fact, intended.

**5. Same—Questions of Law.**

When the words or statements made by the seller as to the value of the wares he is selling, etc., and which induced the purchaser to buy, clearly show a warranty, it becomes a question of law for the court to so declare, without the aid of the jury.

**6. Fraud—Deceit, Elements of—Evidence.**

To constitute deceit there must be an untrue statement, which is knowingly made, or the person making it must be consciously ignorant whether it be true or not, with the intent that the other party shall act upon it, or it should be made under circumstances apparently fitted to induce him to do so, in reliance upon it, in the manner contemplated or manifestly probable, so that he thereby suffers damage; and in order to maintain the action it is sufficient to show that the defendant practiced a deception with the design of depriving the plaintiff of some right, profit, or advantage, and to acquire it for himself or avail himself of it in some way. *Whitmire v. Heath,* 155 N. C., 304, cited and approved.

APPEAL by defendant from *Ferguson, J.,* at February Term, 1911, of CRAVEN.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*Simmons & Ward for plaintiff.*
*Moore & Dunn for defendant.*

WALKER, J. This action was brought to recover damages in the sum of $125 for deceit and false warranty in a horse trade, and was tried upon issues which, with the answers thereto, are as follows:

1. Did the defendant procure the exchange of his mule for plaintiff's mare by fraud and misrepresentation, as alleged in the complaint? Answer: Yes.

2. If so, what damages is plaintiff entitled to recover by reason thereof? Answer: $50.

3. Did defendant procure the exchange of his mare for the mule swapped him by plaintiff by fraud and misrepresentation, as alleged in the complaint? Answer: Yes.

4. If so, what damages is plaintiff entitled to recover by reason thereof? Answer: $75.

Plaintiff alleged that he was fraudulently induced by the defendant to exchange a bay mare he owned and valued at $200 for a mule owned by the defendant, and $20 as the difference in the value between the two animals, with the understanding that the mule could be returned and another mule substituted, if desired by plaintiff. That in order to induce the plaintiff to trade, the defendant warranted the mule in several respects and made certain false and deceitful representations to him as to the fine qualities of the mule. When the plaintiff discovered that he had been deceived, he told the defendant that he was not satisfied with the trade and that he must make his representations good, whereupon the defendant said that he had a good mare he would substitute for the mule, and at the same time made certain warranties and deceitful representations as to her fine qualities. Judgment was entered upon the verdict, and the defendant appealed.

It will be observed at a glance, by any one reading the evidence sent up, that this case has been tried upon a wrong theory. Why should the defendant be twice mulcted in damage? The trade was, at first, that they should exchange the plaintiff's mare for the mule and $20. If there had been no further exchange or negotiation, and there was a breach of warranty, as to the mule, or a deceit practiced upon the plaintiff, he would be entitled to recover this difference between the value of the mule as he was and as he was represented to be, or as, under the contract or the representation, he should have been. When they again traded, the defendant's mare took the place of the mule, and why is not the measure of damages the difference between the value of the defendant's mare, which he substituted for the mule, as it was and as it should have been? The defendant's mare took the place of the mule, and, in this way, any damages for deceit in the exchange of the mule and $20 "to boot" for the plaintiff's mare were satisfied. If the mare, which was substituted for the mule in the trade, had answered the terms of the warranty or representation, the plaintiff surely could not recover damages for the first deceit, unless he had suffered some special loss in addition to the ordinary dam-

ages which result in such cases from the deceit or false warranty, as in *Dushane v. Benedict,* 120 U. S., 630, where the warranty or representation was that certain rags, which the plaintiff sold to the defendant, were, clean and in sanitary condition, and they turned out to be infected with germs of smallpox, and consequently the disease broke out in the defendant's mill and spread among his employees, causing him great loss and damage, and the Court held that the defendant was entitled to recover damages for the wrong, commensurate with loss, either upon the warranty or the count for deceit; and in this connection, *Justice Gray,* who wrote the opinion, said: "The damages recoverable for a breach of warranty, or for a false representation, include all damages which, in the contemplation of the parties or according to the natural or usual course of things, may result from the wrongful act. For instance, if a man sells hay or grain for the purpose of being fed to cattle, or such as is ordinarily used to feed cattle, and it contains a substance which poisons the buyer's cattle, the seller is responsible for the injury. *French v. Vining,* 102 Mass., 132; *Wilson v. Dunville,* 4 L. R. Ir., 249, and 6 L. R. Ir., 210. So, if one sells an animal, warranting or representing it to be sound, which is in fact infected with disease, he is responsible for the damages resulting from a communication of the disease to the buyer's other animals; either in an action for tort for the false representation (*Mullett v. Mason,* L. R. 1 C. P., 559; *Jeffrey v. Bigelow,* 13 Wend., 518; *Faris v. Lewis,* 2 B. Mon., 375; *Sherrod v. Langdon,* 21 Iowa, 518; *Marsh v. Webber,* 16 Minn., 418); or in an action on the warranty, either in tort (*Packard v. Slack,* 32 Vt., 9; *Smith v. Green,* 1 C. P. D., 92), or even in contract (*Black v. Elliott,* 1 Fost. and Fin., 595. See, also, *Randall v. Newson,* 2 Q. B. D., 102)."

There is no evidence, now, in this case of any damage of that kind, and the ordinary rule prevails, which may be thus expressed: The difference in actual value between the article as warranted and the article as delivered is all that can be properly recovered as damages, unless in exceptional cases of special damages. Whatever that difference, in the actual cir-

cumstances of the case, is shown to be, is the true rule and measure of damages, where the articles delivered are not what the contract calls for. *Marsh v. McPherson,* 105 U. S., 709.

While the court seems to have given the correct instruction in regard to the measure of damages—that is, the difference between the value of the mare as represented by the defendant and its real value—the jury were permitted, under the direction of the court, to assess damages as to both transactions, the first swap and the second or substituted one. This was error. The charge of the court is also very meager, and as to the deceit, it omitted an essential element, the *scienter.* There was abundant proof of a *scienter,* but it was not correctly applied, if considered at all in the charge, and for that reason we have called attention to the law, as stated in former decisions of this Court, and it will be well in such cases to be guided by them.

The deceit in the first transaction, if established, will be evidence of the intent or *scienter* in the last, as the two are so closely connected with each other, and such evidence is admissible to show fraud in the second exchange, under the rule in *Brink v. Black,* 77 N. C., 59, and subsequent cases approving it; *Gilmer v. Hanks,* 84 N. C., 317; *Coble v. Huffines,* 133 N. C., 422. A case directly in point is *S. v. Weaver,* 104 N. C., 758. But the first transaction is not a separate cause of action, and is only relevant to the controversy as tending to show the deceitful purpose in the last exchange.

We decide, therefore, that there should have been two separate issues, one as to the warranty and the other as to damages, unless the case is so presented at the next trial that the rule of damages for the deceit and the one for the warranty will not be the same, in which case there may be an issue, as to the damages, for each cause of action; but we hardly see how this can be, upon the evidence as it now appears. When there are no punitive damages, one issue as to damages, in cases like this, is generally sufficient, unless there is more than one cause of action so relating to different transactions as to entitle the plaintiff or other party to an assessment of damages upon each of them.

In regard to the nature of the warranty or deceit, much must depend upon the facts and circumstances of each case as it is presented. We have stated some general rules, though, which will serve as guides to us in such matters.

1. When the statements made by sellers amount to nothing more upon their face than a mere commendation of the goods which is usual in sales—a puffing of wares, as it is sometimes called—there is no warranty or deceit. *Cash Register Co. v. Townsend,* 137 N. C., 652 (70 L. R. A., 349).

2. Where the statement takes the form of an opinion or estimate of value or quality, and it is doubtful whether or not a warranty was intended, the question should be submitted to the jury to say whether one was in fact intended. *Unitype Co. v. Ashcraft,* 155 N. C., 63, citing authorities. In *McKinnon v. McIntosh,* 98 N. C., 89, it was said upon a kindred question, relating to a sale of fertilizers: "The defendant had a right to have the question whether the force and effect of the affirmation of the plaintiff in regard to the quality of the fertilizer did not constitute a warranty of the quality. If the vendor represents an article as possessing a value which upon proof it does not possess, he is liable as on a warranty, express or implied, although he may not have known such an affirmation to be false, if such representation was intended, not as a mere expression of opinion, but the positive assertion of a fact upon which the purchaser acts; and this is a question for the jury. *Thompson v. Tate,* 5 N. C., 97; *Inge v. Bond,* 10 N. C., 101; *Foggart v. Blackweller,* 26 N. C., 230; *Bell v. Jeffreys,* 35 N. C., 356; *Henson v. King,* 48 N. C., 419; *Lewis v. Rountree,* 78 N. C., 323; *Baum v. Stevens,* 24 N. C., 411."

3. Where, though, the words or language clearly show a warranty, it becomes a question of law for the court, without the aid of the jury, to so declare, as in *Unitype Co. v. Ashcraft, supra; Machine Co. v. Feezer,* 152 N. C., 516; *Audit Co. v. Taylor,* 152 N. C., 272.

4. In order to constitute a deceit, several facts must concur and be established by the proof. There must be a statement made by the defendant, (*a*) which is untrue; (*b*) the person

making the statement, or the person responsible for it, either must know it to be untrue or be culpably ignorant (that is, recklessly and consciously ignorant) whether it be true or not; (*c*) it must be made with the intent that the plaintiff shall act upon it, or in a manner apparent fitted to induce him to act upon it; (*d*) the plaintiff must act in reliance on the statement in the manner contemplated or manifestly probable, and thereby suffer damage. 71 S. E. Rep., No. 2, p. 62, second column; Pollock on Torts (7 Ed.), 276; *Whitehurst v. Insurance Co.,* 149 N. C., 273; *Unitype Co. v. Ashcraft, supra.* The gist of the action for deceit is fraudulently producing a false impression upon the mind of the other party by words or acts, or concealment or suppression of material facts not equally within the knowledge or reach of the plaintiff. *Stewart v. Wyoming Cattle Ranch Co.,* 128 U. S., 383. In order to maintain the action, it is sufficient to show that the defendant practiced a deception with the design of depriving the plaintiff of some right, profit, or advantage, and to acquire it for himself or avail himself of it in some way. *National Bank v. Petrie,* 189 U. S., 423-425. In *Whitmire v. Heath,* 155 N. C., 304, the three requisites of an actionable deceit were thus stated: "1. The representation must be false. 2. The party making it must know that it is false, commonly called the '*scienter.*' 3. It must have misled the other party and induced him to contract upon the faith of the representation as true," citing numerous cases, and specially *Lunn v. Shermer,* 93 N. C., 164; *Black v. Black,* 110 N. C., 398; *Ashe v. Gray,* 88 N. C., 190 (same case on rehearing, 90 N. C., 137), all actions against horse dealers.

5. A warranty is contractual, but may be joined with a cause of action for deceit, which is a tort. The old and new mode of pleading is clearly stated in *Ashe v. Gray, supra,* and quoting from the opinion of the Court (by *Chief Justice Pearson*) in *Bullinger v. Marshall,* 70 N. C., 520, *Chief Justice Smith* says: "If there be a warranty of soundness in the sale of a horse, the vendee may sue upon the contract of warranty, and the justice of the peace has jurisdiction, or may declare in tort for a false waranty and add a count in deceit, in which case a

justice of the peace has not jurisdiction, the plaintiff being permitted to declare collaterally in tort for a false warranty in order to enable him to give in a count for the deceit, which, of course, was in tort." *Ashe v. Gray,* 88 N. C., 192. See, also, same case (*Ashe v. Gray*), on rehearing, 90 N. C., 137.

For the error noted by us a new trial upon all the issues will be had in the lower court.

New trial.