W. W. HOKE v. D. A. WHISNANT AND F. R. TILLEY.

(Filed 5 December, 1917.)

1. **Verdict—Weight of Evidence—Motions—Court's Discretion.**

   A motion to set aside a verdict as not in conformity with the evidence is addressed to the discretion of the trial judge, when the evidence is conflicting, and will not be considered on appeal.

2. **Verdict—Evidence—Judgments.**

   Where there is evidence that a business was worth the price the vendor received for it, and that the loss was sustained by the purchaser's mismanagement, the verdict of the jury awarding a less amount than claimed by the purchaser in his action for tort cannot be set aside as a matter of law, and the amount he claims substituted therefor—*i. e.,* the amount of the purchase price.

3. **Judgments—Torts—Interest.**

   Where action in tort is brought for fraudulently inducing the plaintiff to buy a stock of merchandise, and a recovery against the vendor is had, interest is chargeable on the judgment from the term at which the action was tried.

APPEAL by both parties from *Carter, J.,* at March Term, 1917, of CALDWELL.

This is an action to recover damages, the plaintiff alleging that he was induced to pay $1,200 for an interest in a mercantile business by the fraud of the defendants.

The defendants denied the allegations of fraud.

The plaintiff introduced evidence tending to establish his contentions, and that he had been damaged at least in the sum of $1,200, the amount paid by him to the defendants.

The defendants introduced evidence tending to prove there was no fraud; that the interest purchased by the plaintiff was worth $1,200 at the time of the sale, and that the loss to the plaintiff was due to mismanagement occurring after the sale.

The negotiations with the plaintiff began in November, 1910, and resulted in the purchase by him of the interest in the business in February, 1911.

This action was commenced in 1914.

Under instructions, to which there is no exception, the jury returned the following verdict:

1. Was the plaintiff induced to purchase a one-third undivided interest in the stock of goods and business of the Whisnant-Tilley Company by the false and fraudulent representations of the defendants, as alleged in the complaint? Answer: Yes.

2. What damages, if any, is the plaintiff entitled to recover? Answer: $400.

Upon the coming in of the verdict, the plaintiff moved the court:

1. To set aside the verdict as to the second issue, and for a new trial as to the said issue, because the damages assessed are inadequate and not in conformity to the pleadings and proofs.

Motion denied, and plaintiff excepted.

2. To set aside the verdict as to the second issue and render judgment for the sum of $1,200 and interest from 4 February, 1911, based upon the pleadings, proofs, and the findings of the jury upon the first issue, and tender judgment accordingly.

This motion was denied, and plaintiff excepted.

Judgment was then rendered in favor of the plaintiff for $400, with interest thereon from 4 February, 1911, the date of the contract of sale.

The defendant excepted to the judgment, upon the ground that the plaintiff was not entitled to recover interest, except from the date of the judgment. Both parties appealed.

*Council & Yount for plaintiff.*
*Mark Squires and M. N. Harshaw for defendants.*

ALLEN, J. The motion by the plaintiff to set aside the verdict and for a new trial was one addressed to the discretion of the court, and is not reviewable. *Billings v. Observer,* 150 N. C., 543; *Harvey v. R. R.,* 153 N. C., 574.

Nor can the motion for judgment for $1,200 be allowed, because there is neither finding by the jury nor admission in the pleadings or on the trial that the plaintiff has been damaged $1,200.

On the contrary, while the defendants did not deny that the plaintiff paid $1,200, they contended, and introduced evidence in support of their contention, that the interest in the business bought by the plaintiff was worth $1,200 at the time of the sale, and that the loss sustained by the plaintiff was due to subsequent mismanagement.

The measure of damages in actions of this character, where the property is retained by the vendee, as here, is the difference between the real value of the property and its value as represented to be, and not the amount paid by the vendee. *Lunn v. Shermer,* 93 N. C., 165; *Robertson v. Halton,* 156 N. C., 218.

The plaintiff was not entitled to judgment for $1,200, and it would have been error to instruct the jury to answer the second issue in that amount, if requested to do so.

The exception of the defendant to the judgment must be sustained, as the action is in tort to recover damages, and not in contract.

The principle is stated in *Harper v. R. R.,* 161 N. C., 451, as follows: "Damages recovered for a tort do not, as a matter of law, bear interest until after judgment; but when the tort consists solely in the destruction of property, and not in personal injuries, this Court has held that the jury may in their discretion give interest on the value of the property destroyed from the date of its destruction, in addition to the actual value of the property. *Rippey v. Miller,* 46 N. C., 480; *Guano Co. v. Magee,* 86 N. C., 351; *Williams v. Lumber Co.,* 118 N. C., 928; *Lance v. Butler,* 135 N. C., 419; *Stephenson v. Koonce,* 103 N. C., 266; *Wilson v. Troy,* 18 L. R. A., 449, and notes."

The distinction between the recovery of interest as damages in actions of tort and in actions *ex contractu* is pointed out and discussed in *Bond v. Cotton Mills,* 166 N. C., 20.

It was not necessary for the defendant to assign error, as his appeal is from the judgment.

*Clark, C. J.,* says, in *Ullery v. Guthrie,* 148 N. C., 418: "It has always been held that an appeal is itself a sufficient exception and assignment of error to the judgment, for that is a matter appearing upon the face of the record proper, and as to errors on the face of the record-no exception is required. Revisal, sec. 1542. This is fully discussed in *Thornton v. Brady,* 100 N. C., 38, which has been repeatedly cited since. But if an exception and assignment of error to the judgment were necessary, the

appeal itself is a sharp assignment that the facts found or admitted do not justify the judgment. *Appomattox Company v. Buffalo*, 121 N. C., 37; *Murray v. Southerland*, 125 N. C., 176; *Delozier v. Bird*, 123 N. C., 692; *Cummings v. Hoffman*, 113 N. C., 269. Of course, if the appeal is an exception to the judgment, it is on the ground that the facts found or admitted do not justify the judgment. And when there are no other exceptions in the case, this one exception cannot be grouped."

The judgment must be reformed by striking out the interest, except from the term at which the action was tried.

Plaintiff's appeal affirmed.

Defendant's appeal reversed.

HOKE, J., not sitting.