DARDEN v. BAKER ET AL.

(Filed 23 March, 1927.)

1. **Bills and Notes—Negotiable Instruments—Payment—Endorsement— Holder in Due Course—Actions—Parties—Pleadings—Demurrer.**

Where there are allegations and evidence that an attorney at law lends his money and secures the note given therefor by a mortgage on the maker's lands, and after maturity the plaintiff becomes the holder in due course for value by endorsement from the original payee, and the maker has paid the note to the original payee and the papers have been canceled of record, and after personal notice, the plaintiff has collected certain payments from the payee of the note and credited them upon his other obligations to the plaintiff: *Held,* sufficient to raise the issue of election by the plaintiff to proceed against the original payee of the note, or the maker of the note and mortgage.

2. **Instructions—Determinative Principles of Law—Requests for Special Instructions—Appeal and Error—Statutes.**

Where from the pleadings and evidence an issue is raised for the jury to determine whether the holder for value of a mortgage note has elected

to sue the original payee instead of the maker and mortgagee, under the provisions of our statute, C. S., 564, it is required of the trial judge that he charge the jury upon the phase of the case, material to the determination of the controversy, upon the principles of law thereto applying, without the necessity of a prayer for special instruction covering them.

CIVIL ACTION, before *Matthews, Emergency Judge,* at December Term, 1926, of LENOIR.

The evidence tended to show that on 27 January, 1919, John D. Baker and wife executed and delivered their promissory negotiable note to G. G. Moore, an attorney of Kinston, N. C., for the sum of $1,000, said note being due and payable on 31 December, 1919. The defendant, in order to secure the payment of said note, executed a deed of trust upon property owned by the defendant to J. F. Liles, trustee, which said deed of trust was duly recorded in Book 57, page 614, in the office of the register of deeds of Lenoir County. After said note had matured, to wit, on 7 February, 1920, the plaintiff purchased said note from G. G. Moore, the payee therein, and the said payee duly endorsed the note to the plaintiff. The defendant contended that on 23 February, 1920, he paid G. G. Moore, attorney, the full amount of said note, and that Moore went to the office of the register of deeds of Lenoir County and made the following entry upon said deed of trust: "Satisfied 23 February, 1920. G. G. Moore. Witness: C. W. Pridgen, Register of Deeds." The defendant contends that two years after the note had been paid and the purported cancellation entered upon the record, the plaintiff made demand upon the defendant for the payment of said note. The defendant thereupon told plaintiff's agent that he had paid the note to Mr. Moore and went with plaintiff's agent to see Moore. Moore thereupon informed them that the defendant did not owe anything on the papers. Thereupon the plaintiff employed an attorney to collect the amount of the note from Moore. Moore made certain payments, which were credited by the plaintiff upon some unsecured claims, and afterwards left the country. The defendant contended that he heard no more about the matter until the suit was brought on 3 July, 1925.

There was evidence that $160.00 had been paid on said paper prior to the time plaintiff had acquired title thereto, and this was admitted by the plaintiff as a credit upon said paper, leaving a balance due of $900.

The issues and the answers of the jury thereto were as follows:

1. Is the plaintiff the owner and holder of the note sued on in due course? A. Yes.

2. What amount, if anything, is the defendant indebted to plaintiff on said note? A. $900 with interest.

3. Was G. G. Moore the agent of the plaintiff in the collection of said note and in the cancellation of said deed of trust? A. No.

Upon the verdict there was judgment for plaintiff, in which said judgment a commissioner was appointed to sell the defendant's land and apply the proceeds of the sale to the payment of said note.

From the judgment so rendered the defendants appeal.

*Rouse & Rouse for plaintiff.*
*Sutton & Greene for defendants.*

BROGDEN, J. The defendants allege, "that upon being informed of the payment of said note as aforesaid to the said G. G. Moore, the payee thereof and attorney of plaintiff, it was the duty of the plaintiff, if she was the owner and holder of said note and had given the said Moore no authority to collect the same for her, which is denied, to elect whether she would look to the said Moore for the payment of said note, or would continue to assert her said alleged claim against these defendants." The defendants further allege that the plaintiff, after notice of the collection of said note by said Moore, accepted payments from him on said indebtedness, and that such conduct was a ratification of any unauthorized act of Moore in collecting said note.

There was ample evidence to support the allegations of defendants. Plaintiff was asked this question: "The whole truth is, you were looking to Guy Moore for your money?" (A.) "Yes, sir. I knew he had collected it after it was too late. Before then I employed Mr. Denton to collect this money from him. I did not at any time ever demand payment of John Baker or his wife on this paper until this year. I bought them in 1920, and I reckon about the middle of last year when I brought suit was the first time I demanded it. I did not tell Mr. Moore to loan this $1,000. It was my money to start with." Plaintiff also testified: "I stated to Mr. John Denton that Mr. Guy Moore had *collected this money for me, but did not turn it over to me.*" The plaintiff testified further that she employed Mr. Denton to collect this particular money from Mr. Moore after she had notice that the defendant Baker contended that he had paid Moore the full amount of the paper, and further that Moore had made certain payments to said attorney, but that plaintiff had credited these payments on some unsecured indebtedness due her by Moore.

So that, it appears from the record that there was proper allegation as to ratification of the transaction by the plaintiff and sufficient evidence to be submitted to the jury upon that phase of the case. An examination of the charge of the court discloses that this phase of the case and the legal effect of plaintiff's conduct after notice of the unauthorized act of Moore was not submitted to the jury either by stating such contention or by positive instruction. While no issue was sub-

mitted by the defendant and no special instruction requested, still it was the duty of the judge under C. S., 564, to "state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon."

We are of the opinion that the charge of the court does not comply with the law in the particular mentioned.

In *Nichols v. Fibre Co.,* 190 N. C., 1, *Connor, J.,* said: "While counsel may argue the law of the case to the jury, both plaintiff and defendant are entitled, as a matter of right, to have the judge declare and explain the law arising on the evidence. A failure to comply with the statute must be held as error. The error was not waived in this case by failure of defendant to request special instructions." *Furst v. Merritt,* 190 N. C., 397; *S. v. Melton,* 187 N. C., 481; *Bowen v. Schnibben,* 184 N. C., 248; *Hauser v. Furniture Co.,* 174 N. C., 463; *Worthington v. Jolly,* 174 N. C., 266.

Upon the whole record, therefore, we hold that a new trial should be awarded.

New trial.