JOHN A. ABEL AND EDWARD C. ABEL, TRADING AS ABEL BROTHERS COMPANY, v. M. DWORSKY AND IDA DWORSKY.

(Filed 4 April, 1928.)

**Fraud—Actions—Defenses—Ratification of Fraud.**

*Held,* under the facts of this case, involving the question of fraud in the purchase of a diamond ring, evidence of the ratification of the fraud was sufficient to take the question to the jury.

APPEAL by defendants from *Cranmer, J.,* and a jury, at Second January Term, 1928, of WAKE. New trial.

This is an action for actionable fraud, brought by plaintiffs against defendants.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the ring described in the complaint purchased from the plaintiff by M. Dworsky or by Dworsky's, Inc.? Answer: By M. Dworsky.

"2. Did M. Dworsky obtain the said ring from the plaintiff by fraud? Answer: Yes."

*J. C. Little for plaintiff.*
*J. W. Bailey and W. H. Weatherspoon for defendants.*

PER CURIAM. The defendants, at the close of plaintiff's evidence and at the close of all the evidence, made a motion for judgment as in case of nonsuit. C. S., 567.

"It is the well settled rule of practice and the accepted position in this jurisdiction that, on a motion to nonsuit, the evidence which makes for the plaintiff's claim and which tends to support her cause of action, whether offered by the plaintiff or elicited from the defendant's witnesses, will be taken and considered in its most favorable light for the plaintiff, and she is 'entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.' " *Nash v. Royster,* 189 N. C., at p. 410.

This action for fraud is based on the allegations: The purchase of a diamond ring from plaintiffs, doing business in New York, by M. Dworsky (Dworsky's, Inc., doing business in Raleigh, N. C.), for $1,200, with a preconceived intention not to pay for it, he and the corporation he controlled, Dworsky's, Inc., being insolvent at the time, which fact was concealed from plaintiffs, the ring being sold to M. Dworsky for his wife. Three notes of $400 each, signed by Dworsky's, Inc., were given at the time for the diamond instead of the notes being given by M.

Dworsky. We are of the opinion there was sufficient evidence to be submitted to the jury on the issues of fraud. *Des Farges v. Pugh,* 93 N. C., 31; *White v. Products Co.,* 185 N. C., at p. 71; 12 R. C. L., p. 263.

The ring in controversy was delivered to defendant, M. Dworsky, on 12 August, 1925. Dworsky's on 3 September, 1925, wrote plaintiff: "If we do not hear from you within five days we will immediately return all merchandise purchased, and also ask Mr. Rodgers to return his for credit, and you will kindly return our notes."

On 10 September, 1925, plaintiffs wrote to Dworsky's: "We are perfectly satisfied to hold the notes you gave us for the purchase made, and we are not complaining nor questioning your signature. We accepted your three notes signed Dworsky's, Inc., per M. Dworsky, Secretary and Treasurer." There was other evidence tending to show ratification. If plaintiffs discovered the fraud and ratified the sale, they cannot now recover in this action. 12 R. C. L., p. 412; *Darden v. Baker,* 193 N. C., 386. This aspect was not presented to the jury. We think the assignments of error sufficient to present this question. For the reasons given there must be a

New trial.