FRICK COMPANY ET AL. v. D. G. SHELTON ET AL.

(Filed 29 May, 1929.)

**Damages F b—Measure of damages for breach of warranty in sales contract.**

> Where the buyer, damaged by the fraud of the seller in the sale of machinery, elects to keep the machinery and recoup the damages in the seller's action for the purchase price, the measure of damages, in the absence of proof of special loss brought home to the knowledge of the seller, is the difference between the value of the machinery as warranted and its value as delivered, and an instruction for the recovery of further damages, consisting of the cost of supplying a deficiency, is reversible error in the absence of evidence that such was done.

APPEAL by plaintiff from *Moore, J.,* at September-October Term, 1928, of CLAY.

Civil action to recover on several promissory notes.

The plaintiff sold the defendants a Russell Engine, No. 16988, and certain mill equipment, and took in exchange therefor a Case Engine, No. 23202, and notes aggregating $800, secured by mortgage or deed of trust on said Russell Engine and other machinery.

Default having been made in the payment of said notes, plaintiff sues to recover the amount due thereon and to foreclose mortgage or deed of trust.

Defendants answered, denied liability and set up counterclaim for damages, alleging false and fraudulent representations on the part of plaintiff's agents in the sale of the Russell Engine.

From a verdict and judgment in favor of defendants, the plaintiff appeals, assigning errors.

*Dillard & Hill and Thomas J. Hill for plaintiffs.*
*J. B. Grady and Moody & Moody for defendants.*

STACY, C. J. The validity of the trial is assailed by numerous exceptions and assignments of error, but we shall not consider them *seriatim,* as it is necessary to award a new trial for error in the charge on the issue of damages.

Speaking to this issue, the court instructed the jury that if the defendants had been defrauded in the purchase of the Russell Engine, as they allege they were, the measure of damages "would be the difference in the value of the article represented and the article delivered, . . . plus the expense of what it would have cost to bring another engine and put it up."

There was no evidence that another engine was "brought and put up" in place of the Russell Engine, as the defendants continued to use the engine purchased from plaintiff after the discovery of the fraud, hence the cost of installing another engine in its stead, under the circumstances here disclosed, would seem to be an improper item in the admeasurement of the defendants' damages. *Robertson v. Halton,* 156 N. C., 215, 72 S. E., 316; *Marsh v. McPherson,* 105 U. S., 709.

A person who is defrauded in the purchase of an article of personal property has an election of remedies. *Van Gilder v. Bullen,* 159 N. C., 291, 74 S. E., 1059. One is, he may choose to retain the benefits of the contract, confirm its validity, and still recover damages for the fraud by which he was induced to make it, or he may recoup any damages which he has sustained if the opposite party sue him for money due on the contract, or other failure to perform it. *Pryor v. Foster,* 130 N. Y., 171.

When the injured party elects to affirm the contract and brings an action for deceit to recover such damages as the fraud has occasioned him, or sets up such damages by way of recoupment or counterclaim when sued upon the contract by the other party, in the absence of proof of special loss brought home to the knowledge of the vendor, the measure of damages is the difference between the value of the article as warranted and the value of the article as delivered. *Marsh v. McPherson, supra; Guano Co. v. Livestock Co.,* 168 N. C., 442, 84 S. E., 774.

True, this difference, under certain fact situations, may consist in the actual cost of supplying the deficiency, such as making repairs, removing liens, or whatever is necessary to make the article delivered equal in value to the article sold. But where nothing of the kind is done, or no effort is made to supply the deficiency, the difference, we apprehend, is to be ascertained by subtracting the value of the article as delivered from what its value would have been had it been as warranted, and this should not be augmented by other expense, i. e., the cost of installing new machinery, which, perhaps, under a given state of facts, might have been considered as one of the items of difference, but was not incurred in the case at hand. *Robertson v. Halton, supra.*

For the error as indicated a new trial must be awarded; and it is so ordered.

New trial.