J. B. KENNEDY v. HIGH POINT SAVINGS & TRUST COMPANY AND MRS. SUSIE E. MILLIKIN, ADMINISTRATORS C. T. A. OF ESTATE OF J. ED MILLIKIN, DECEASED.

(Filed 25 May, 1938.)

1. **Cancellation of Instruments § 15—**

In an action to cancel or rescind a contract of sale for fraud, upon return or tender of the property received, the buyer is entitled to recover the price paid.

2. **Fraud § 13—In action for fraud, plaintiff is entitled to recover the difference between real value and value if article were as represented.**

Plaintiff instituted this action to recover for alleged fraud in the sale of a mortgage and note secured thereby, alleging that he was induced to purchase same by fraudulent representations that the mortgage and note

were good and the property would bring more than the amount of the note, when in fact the *feme* mortgagor had denied she had signed same to the knowledge of plaintiff's transferor. *Held:* The measure of damages plaintiff is entitled to recover upon a favorable verdict upon the issue of fraud is the difference in the actual value of the mortgage and note and their value if they had been as represented, and a charge of the trial court giving the jury no other guide as to the measure of damages except an instruction that they might consider the amount of the purchase price paid by plaintiff, is error entitling defendants to a new trial.

**3. Appeal and Error § 41—**

When a new trial is awarded on one exception, other exceptions relating to matters not likely to arise on a subsequent hearing need not be considered.

APPEAL by defendants from *Harding, J.,* at November Term, 1937, of GUILFORD. Reversed.

The action was instituted in the municipal court of the city of High Point. Judgment was there rendered upon verdict in favor of the plaintiff and the defendants appealed to the Superior Court of Guilford County, assigning errors. The judge of the Superior Court overruled all the assignments of error and affirmed the judgment of the municipal court.

Defendants, preserving their exceptions noted in the trial court, appealed to the Supreme Court.

*M. W. Nash for plaintiff, appellee.*
*Frazier & Frazier for defendants, appellants.*

DEVIN, J. The plaintiff's cause of action was based upon allegations of fraudulent representations made by defendants' testator, J. E. Millikin, whereby plaintiff was induced to purchase at the price of $1,238.42 a note and mortgage on real property purported to have been executed by G. W. Payne and wife, Elizabeth Payne. There was testimony tending to show that J. E. Millikin fraudulently represented to the plaintiff, as an inducement to the purchase, that the note and mortgage were good and that the property embraced in the mortgage would sell for more than the debt thereon, whereas the said Millikin knew that the papers had not been signed by Elizabeth Payne, and that she denied liability thereon. There was also evidence tending to show that the mortgage had no appreciable value, and that no bids were placed on the property when offered for sale under foreclosure, and that plaintiff, having borrowed the money from a bank to pay the purchase price of the note and mortgage and having placed the papers as collateral to his note therefor, had judgment taken against him on his note to the bank, his homestead

laid off and the excess sold and proceeds in the sum of $400 applied by the bank to its judgment.

The defendants denied that the representations relied on were made by their testator, or that the note and mortgage were in any respect invalid, and further, that the plaintiff was aware of the fact that Elizabeth Payne denied she had signed the papers. It appears that the date of the purchase of the note and mortgage by plaintiff, and the transfer and assignment of the papers by J. E. Millikin was 6 July, 1931, and that G. W. Payne, the husband of Elizabeth Payne, had died in March, 1931. It does not appear that Elizabeth Payne had more than a dower interest in the property after the death of her husband, or right of possession for life under C. S., 4103. It appears that neither Elizabeth Payne nor the estate of G. W. Payne is solvent.

The issues submitted to the jury by the court were these:

"1. Was the plaintiff induced to purchase the note and mortgage set out in the complaint by the false and fraudulent representations of J. Ed Millikin?

"2. What damage, if any, is the plaintiff entitled to recover?"

The defendants assigned as error that the trial judge charged the jury upon the second issue as follows:

"Now, the court charges you, gentlemen of the jury, if you come to answer this second issue, that it is a matter for you to say how much the plaintiff in this case has been damaged. You have a right to take into consideration what was the consideration involved in the transaction between the plaintiff and the deceased, J. Ed Millikin, and, if you have been satisfied by the greater weight of the evidence on this second issue that the plaintiff has been damaged, then it is a matter left for you to say how much he has been damaged, and you may take into consideration the sum of $1,238.42, when you come to pass upon that question, and the court charges you that whatever amount you award in answer to this issue, if you come to answer this issue, then the plaintiff in this case would be entitled to recover interest on whatever sum you find he is entitled to recover from 6 July, 1931."

The exception to this portion of the charge should have been sustained by the judge of the Superior Court.

The charge of the trial court as to the measure of damages in an action based upon fraud in the sale of personal property, under the allegations and testimony in this case, cannot be upheld. How much the plaintiff had been damaged was left to the jury to determine, with no definite guide other than the instruction, "You may take into consideration the sum of $1,238.42 when you come to pass upon this question."

Ordinarily, when the buyer has been induced by fraudulent representations to purchase property, he is entitled to rescind the contract upon return or tender of the property received, and to recover the price

paid. *May v. Loomis,* 140 N. C., 350, 52 S. E., 728. But when the property is retained by the purchaser, or cannot be redelivered, it is established by the uniform decisions of this Court that the measure of his damages is the difference between the real value of the property and the value it would have had if it had been as represented. *Lunn v. Shermer,* 93 N. C., 164; *Hoke v. Whisnant,* 174 N. C., 658, 94 S. E., 446; *Morrison v. Hartley,* 178 N. C., 618, 101 S. E., 375; *Wolf Co. v. Mercantile Co.,* 189 N. C., 322, 127 S. E., 208; *Frick Co. v. Shelton,* 197 N. C., 296, 148 S. E., 318.

The general rule is stated in Corpus Juris as follows: "The measure of damages sustained by the purchaser, when a purchase has been induced by fraud, is, according to the weight of authority, the difference between the real value of the property purchased and the value which it would have had had the representations been true." 27 C. J., 92.

Though not material to the decision of this appeal, it may be interesting to note that the trial in the municipal court was had in May, 1936, and that defendants' motions to set aside the verdict and for new trial were continued by the court, with consent of the parties, until the conclusion of an action which the court suggested should be brought by the bank against Elizabeth Payne to foreclose the mortgage, in order to determine the question of the validity of the papers. The trial of the suggested action, in the Superior Court of Guilford County, resulted in judgment for the bank (Elizabeth Payne not appearing at the trial either in person or by attorney). Decree of foreclosure was entered March Term, 1937, and the property sold, but, as was reported, "in view of the large amount of taxes and street assessments against said property, the highest bid that could be obtained for said land was $100," subject to the encumbrances. Presumably this amount was applied on the bank's judgment against the plaintiff. Notwithstanding the result of these proceedings, which were carried on pending the motion to set aside the verdict in the case under review, the trial judge declined to set aside the verdict and signed the judgment appealed from on 4 June, 1937.

As the error in the judge's instruction to the jury in the trial court, hereinbefore pointed out, is material, requiring a new trial, we do not deem it necessary to decide the other questions presented by the assignments of error, as they may not arise upon another hearing. The judgment of the Superior Court is reversed, with directions that the cause be remanded to the municipal court of the city of High Point to the end that a new trial be had.

Reversed.