MacMILLAN BUICK COMPANY v. O. L. RHODES.

(Filed 10 May, 1939.)

1. **Sales § 24—**

   Where a sale is effected by actionable fraud, the buyer may usually elect either to rescind, or to affirm and seek damages for the fraud by action or by counterclaim in the seller's action for the purchase price.

2. **Sales § 25—**

   Ratification of a sale after the discovery of the alleged fraud bars an action or counterclaim based upon rescission or renunciation.

3. **Sales § 28—Ratification of sale after discovery of fraud does not bar right to damages.**

   Ratification of the sale after the discovery of the alleged fraud does not bar an action or counterclaim for damages, and therefore in the seller's action for the purchase price in which the buyer sets up a counterclaim for damages for the alleged fraud inducing the purchase of the chattel, an instruction that if the jury found that the buyer ratified the sale they should not answer the issues as to damages sustained by the buyer, is error.

4. **Trial § 45—**

   A motion for judgment *non obstante veredicto* is, in effect, a belated motion for judgment on the pleadings, and is not properly made upon a party's contention that he is entitled to judgment upon the jury's answer to one of the issues notwithstanding its answer to a subsequent issue in favor of the adverse party.

APPEAL by defendant from *Cranmer, J.,* at December Term, 1938, of NEW HANOVER.

Civil action to recover on promissory notes with ancillary remedy of claim and delivery to foreclose mortgage or conditional sales contract on Pontiac Sedan, 1933 Model, given as security.

The defendant pleaded fraud in the exchange of automobiles and demanded damages by way of recoupment or counterclaim.

Upon issues thus joined, the jury returned the following verdict:

"1. Did the defendant execute to the plaintiff the note and conditional sales contract, as alleged in the complaint? Answer: 'Yes.'

"2. In what amount is the defendant indebted to the plaintiff on account thereof? Answer: '$250.00.'

"3. What was the value of the automobile at the time it was seized? Answer: '$225.00.'

"4. Was the defendant induced to purchase the car involved in this controversy by the fraud and deceit of the plaintiff? Answer: 'Yes.'

"5. If so, did the defendant, by his conduct, ratify the said contract of purchase? Answer: 'Yes.'

"6. What amount, if any, is the defendant entitled to recover as actual damages? Answer: 'None.'

"7. What amount, if any, is the defendant entitled to recover as punitive damages? Answer: '$100.00.' "

The court instructed the jury: "If you answer the fifth issue 'Yes,' you need not answer the sixth and seventh issues." Exception.

From judgment on the verdict for plaintiffs disregarding the seventh issue—designated as *"non obstante veredicto,* the court having instructed the jury that if they answered the fifth issue 'Yes' not to answer the sixth and seventh issues"—the defendant appeals, assigning error.

*Stevens & Burgwin for plaintiff, appellee.*
*C. D. Hogue for defendant, appellant.*

STACY, C. J. Where a sale has been effected by actionable fraud, the purchaser usually has an election of remedies:

1. The one grounded upon recission or renunciation. *Fields v. Brown,* 160 N. C., 295, 76 S. E., 8; *Van Gilder v. Bullen,* 159 N. C., 291, 74 S. E., 1059.

2. The other based upon affirmation. *Kennedy v. Trust Co.,* 213 N. C., 620, 197 S. E., 130; *May v. Loomis,* 140 N. C., 350, 52 S. E., 725.

In the latter, the purchaser may bring an action to recover for the fraud by which he was induced to make the purchase, or he may recoup any damages which he has sustained if the seller sue him for money due on the contract, or other failure to perform it. *Frick Co. v. Shelton,* 197 N. C., 296, 148 S. E., 318.

It was error, therefore, to instruct the jury in the instant case not to answer the sixth and seventh issues, if the fifth issue were answered in the affirmative. This was equivalent to limiting the defendant to a single remedy, *i.e.,* one predicated on rescission or renunciation, whereas he had elected to affirm the contract and to recoup his damages by way of counterclaim. *Pryor v. Foster,* 130 N. Y., 171.

The case of *Abel v. Dworsky,* 195 N. C., 867, 142 S. E., 475, cited in support of the rulings below, is not at variance herewith. That was an action grounded on rescission or renunciation, and there was evidence tending to show the plaintiffs had ratified the sale after discovering the fraud. This is not our case. True, the defendant here has ratified the contract of purchase after discovering the fraud according to the jury's answer to the fifth issue, but his defense is based upon affirmation rather than recission or renunciation. Herein lies the distinction between the two cases. Ratification is not a bar to the defendant's counterclaim, but is in substantiation thereof. *Frick Co. v. Shelton, supra; May v. Loomis, supra.*

It is also observed that the motion for judgment *non obstante vere-dicto,* which, in effect, is but a belated motion for judgment on the pleadings, apparently was not well advised. *Little v. Furniture Co.,* 200 N. C., 731, 158 S. E., 490; *Jernigan v. Neighbors,* 195 N. C., 231, 141 S. E., 586; *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32.

The defendant is entitled to a new trial. It is so ordered.

New trial.