This is an action on an alleged combination promissory note, crop lien and chattel mortgage, wherein the ancillary remedy of claim and delivery was invoked by the plaintiff to sell certain personal property of the defendants. The amount alleged to be due the plaintiff by the defendants is $607.39, with interest from 16 April, 1940, the date of the alleged execution of the note, crop lien and chattel mortgage. The $607.39 is alleged to have been due on indebtednesses existing prior to the execution of the note and lien.
Both defendants admit the signing of the note, crop lien and chattel mortgage, but E. W. Horton averred that at the time he signed the instruments they related only to advances and contained no provision as to indebtednesses existing prior to the execution thereof.
The plaintiff, by amendment to its complaint, further alleges that it paid the balance due on a retained title contract on an automobile of E. W. Horton and took an assignment of all rights under such contract in order that the claim and delivery by which such automobile had been taken might be a first lien thereon. This allegation is denied for the lack of information.
The issues submitted to and the answers made by the jury were as follows:
"1. Did the defendants execute the crop lien and note referred to in the complaint and sued upon in this action? Answer: `Yes.'
"2. If so, was the provision securing a note for old indebtedness in the sum of $607.39 placed in said paper after its execution by the defendant, E. W. Horton? Answer: `No.'
"3. What is the balance due by the defendant, E. W. Horton, if anything, on the crop lien and note referred to in the complaint? Answer: `$75.91, and interest.'
"4. In what amount, if any, is defendant, E. W. Horton, indebted to plaintiff by virtue of conditional sales contract dated November 7, 1939, covering an automobile? Answer: `$51.75.'
"5. What is the balance due by the defendant, S. M. Horton, if anything, on the crop lien and note referred to in the complaint? Answer: `$49.16, and interest.'
"6. What was the value of the crops seized under the writ of claim and delivery at the time of the seizure? Answer: `$59.05.' *Page 375 
"7. What was the value of the cow and automobile seized under the writ of claim and delivery at the time of their seizure? Answer: `$250.00.'
"8. What was the value of the mules and other personal property seized under the writ of claim and delivery at the time of its seizure? Answer: `$225.00.'
"9. What were the costs incident to the sale? Answer: `$58.25.'"
His Honor entered the following judgment: "This cause came on to be heard before the undersigned Judge presiding, and a jury duly chosen and impaneled and issues were submitted to and answered by the jury as appears in the record. Issues 3 and 4 were formal ones and the jury was instructed that their answers to these issues would depend upon their answers to the first two. The jury answered issues 3 and 4 contrary to all the evidence in the case and therefore the Court is of the opinion that the verdict upon the third and fourth issues should be set aside. The jury having answered the first issue YES, and the second issue NO, the Court is of the opinion that it follows as a matter of law that the plaintiff is entitled to recover of both defendants the sum of $607.39, with interest, subject, however, to a credit on account of the net value of the personal property seized under the writ of claim and delivery.
"It is now, therefore, by the Court, ordered, adjudged and decreed:
"1. That the verdict upon the third and fourth issues be and the same is hereby set aside and that the verdict on all the remaining issues be undisturbed and allowed to stand.
"2. That the plaintiff recover of the defendants, E. W. Horton and S. M. Horton, the sum of $607.39, with interest thereon from the 16th day of April, 1940, until paid, subject, however, to a credit as of November 23, 1940, of the sum of $424.05, which is the net value of the personal property seized under a writ of claim and delivery, as found by the jury, after deducting the costs incident to the sale and the amount of the prior lien upon the automobile.
 "3. That the costs of this action be taxed against the defendants. WALTER J. BONE, Judge Presiding."
Neither the evidence nor the charge in the trial below appears in the record. However, there does appear therein the following: "Statement andExplanation. Although the judgment states that the third and fourth issues are set aside, it was the intention of the Court to set aside those two issues which related to the balance due by defendant, E. W. Horton and defendant, S. M. Horton, on the crop lien and note referred to in the complaint and the Court did not intend to set aside the issue which related to the amount of the indebtedness of defendant, E. W. Horton, on the conditional sales contract covering an automobile. It *Page 376 
will be seen by reference to the issues that the third and fifth issues are the ones which related to the indebtedness of the defendants upon the crop lien and note. As the Court now recalls, the judgment was dictated to the Court Reporter by the Court, and after same was transcribed it was read by the Court before it was signed. Therefore, the Court is unable to state exactly how it happened that the judgment states that the third and fourth issues were set aside unless the Court through inadvertence failed to properly relate its thoughts and decision to the numerical identification of the issues.
 "This August 9, 1941. WALTER J. BONE, Judge Presiding."
From the judgment entered the defendants appealed, assigning error.
If the judge intended to set aside the answers made by the jury to the third and fifth issues, answer them himself, and render judgment on the verdict as amended, he was without authority so to do. Rankin v. Oates,183 N.C. 517, 112 S.E. 32, and cases there cited. If he intended merely to strike out the answers to the third and fifth issues and to hold as a matter of law that they were surplusage and that the plaintiff was entitled to judgment upon the remaining portion of the verdict, he failed to do this, since the judgment ordered, adjudged and decreed: "1. That the verdict upon the third and fourth issues be and the same is hereby set aside and that the verdict on all the remaining issues be undisturbed and allowed to stand." The judgment as entered is not supported by the verdict as rendered or as the verdict is stated therein to be modified by the court, hence the judgment cannot be sustained. "There is no principle of law more firmly established than that the judgment must follow and conform to the verdict or findings." Durham v. Davis, 171 N.C. 305,88 S.E. 433; Sitterson v. Sitterson, 191 N.C. 319, 131 S.E. 641, and cases there cited.
The judgment cannot be sustained upon the theory of its being enterednon obstante veredicto, in view of the defendants' answer to the allegation that they executed a note for $607.39, which is: "That the allegations contained in paragraph 3 are untrue and are, therefore, denied, and defendants specifically deny that they were indebted to the plaintiff in the sum of $607.39 on April 16, 1940, and specifically deny that they executed or delivered to the plaintiff any note on or about said date. . . ." A judgment non obstante veredicto is merely a belated judgment on the pleadings. Buick Co. v. Rhodes, 215 N.C. 595, 2 S.E.2d 699, and cases there cited. *Page 377 
The result of this case is just one of the unavoidable casualties of the circuit apt to occur to the most circumspect judge.
For the error assigned the case must be remanded for a new trial.
Error.