NORTE & CO., Plaintiff-Appellee,

v.

R. L. HUFFINES, Jr. and Victor Muscat, Defendants-Appellants,

and

L. F. Serrick, Alfred O'Gara, Edward Krock and Defiance Industries, Inc., Defendants.

Nos. 545, 546, Docket 32892, 32893.

United States Court of Appeals Second Circuit.

Argued April 23, 1969.

Decided Sept. 16, 1969.

On Rehearing Oct. 14, 1969.

Milton Paulson, New York City, for plaintiff-appellee.

Murray I. Gurfein, New York City (Goldstein, Gurfein, Shames & Hyde, New York City, on the brief), for defendant-appellant, Victor Muscat.

William R. Glendon, New York City (Royall, Koegel & Wells, New York City, on the brief), for defendant-appellant, R. L. Huffines, Jr.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and WYATT, District Judge.[*]

LUMBARD, Chief Judge.

The defendants appeal from a judgment of the Southern District of New York against them in the sum of $4,-355,595 in favor of plaintiff in a diversity stockholders' action brought for the benefit of Defiance Industries, Inc.

Judge Mansfield found defendants liable for damages because they had breached their fiduciary duties, as the controlling persons in Defiance, in causing Defiance to issue its stock, on July 12, 1962, at a valuation of $14.49 per share in exchange (at a ratio of 4⅞ shares to one) for all the stock of IIE [1] which he found they valued at the excessive value of $70.51 a share. He found the fair value of IIE stock was $40.58 per share and that the consequent loss to Defiance was $2,992,940. The district court also found that the defendants had improperly appropriated to themselves an opportunity of Defiance to purchase 10,507 shares of IIE by purchasing them at $20.94, and for which shares they shortly thereafter received Defiance stock on the basis of IIE stock being valued at $70.51 per share, thus realizing a profit of approximately $520,832.[2] With the prejudgment interest allowed at 6% from July 13, 1962 on the exchange offer and from September 6, 1961 on the improper appropriation, the judgment totals $4,355,595.

A study of the record shows ample support of Judge Mansfield's findings and his conclusion that in the acceptance of the comparative valuations of Defiance and IIE stock and in the meas-ures that were taken to bring about approval of the Defiance stockholders to the purchase of IIE stock, the defendants acted in violation of their fiduciary duties as controlling officers and stockholders of Defiance. Likewise, there is abundant support for the district court's finding that Defiance had been improperly deprived of the opportunity to acquire, at $20.94 per share, 10,507 shares of IIE for which it later issued stock for IIE valued at $70.51 per share. Nor do we find any basis for error in Judge Mansfield's denial of the motion for a new trial, for reasons he set forth in a careful opinion reported at 288 F.Supp. 855 (S.D.N.Y.1968).

We find only two allegations of error which require comment. Appellants argue that equity requires that under circumstances present here the court should have limited the award of damages to those who were stockholders of Defiance at the time of the exchange of stock.

We can find no reason or precedent to support the theory advanced by the defendants—a theory which is wholly impractical and unmanageable in that it would shift the burden of proving a right of recovery to a large class of persons many of whom may never be determined and found.

The corporation by issuing shares to its controlling officers and directors for less than their fair value was obviously damaged to the extent of the difference which was $2,992,940 because it received IIE shares worth only $40.58 per share in return for its shares which were worth $70.51 per share. Under such circumstances those fiduciaries who caused the corporation to part with its assets for less than their fair value must make up the difference to the corporation.

Our decision in Perlman v. Feldmann, 219 F.2d 173 (2 Cir. 1955) gives no

---

[*] Sitting by designation.

[1] Insurance and Industrial Enterprises, Inc.

[2] The defendants' liability on these shares is $206,357, calculated by subtracting their liability on these shares under the exchange offer ($314,475) from $520,-832.

support to the appellants' suggestion of fragmented judgments. There the plaintiffs were individually injured and sued for injuries caused them by the defendants who sold their controlling stock at a premium without offering plaintiffs an opportunity to sell their stock on similar terms. We held, with Judge Swan dissenting, that the controlling stockholders had breached a duty to the plaintiffs who were minority stockholders and therefore were liable to the minority stockholders for the premium they would have received had they been included. Thus, in *Perlman* there was no injury to the corporation but only to the few minority stockholders and it was appropriate that they should recover individually.[3]

We conclude that it was entirely appropriate for the court to direct judgment in favor of Defiance for the entire amount of the damages suffered by it.

The appellants also contend that the court should not have awarded prejudgment interest, amounting to over one million dollars, on so large an award of unliquidated damages. However, as the corporation had been deprived of almost $3,000,000, the difference between the fair value of the stock issued and what it actually received, through the calculated fraud of the defendants, there was good reason for the district court to award interest as compensatory damages. And it is clear that under both New York and Ohio law interest is recoverable for the damages here suffered. See, N.Y. C.P.L.R. § 5001; In re Chambers Estate, Ohio App., 36 N.E.2d 175 (Ct.App.1939); Cincinnati v. Whetstone, 47 Ohio St. 196, 202, 24 N.E. 409 (1890). Under the federal cases the award of interest is said to be discretionary, and the authorities indicate that it is customary to award it in cases involving a breach of fiduciary duties. See Stella v. Graham-Paige Motors Corp., 232 F.2d 299, 302

n.4 (2d Cir. 1956); Blau v. Mission Corp., 212 F.2d 77, 82 (2d Cir.), cert. denied, 347 U.S. 1016, 74 S.Ct. 872, 98 L.Ed. 1138 (1954). Judge Mansfield rested his decision to award interest on the fundamental "consideration of fairness," citing Board of County Commissioners v. United States, 308 U.S. 343, 352, 60 S.Ct. 285, 84 L.Ed. 313 (1939). We agree that it was wholly appropriate for him to exercise his discretion as he did.

On Petitions for Rehearing of Defendants Victor Muscat and R. L. Huffines, Jr.

PER CURIAM:

The petitions for rehearing are granted. We remand to the district court for further consideration of prejudgment interest.

■■■ We agree with Judge Mansfield that the Court's discretion in awarding prejudgment interest should be based on fundamental "considerations of fairness." See Board of Commissioners v. United States, 308 U.S. 343, 352, 60 S.Ct. 285, 84 L.Ed. 313 (1943). But as we said in our original decision, such an award is, in the first instance, compensatory, even though we agree with Judge Mansfield's view that the compensatory principle must be tempered by an assessment of the equities. Compare Miller v. Robertson, 266 U.S. 243, 45 S. Ct. 73, 69 L.Ed. 265 (1939), with Ross v. Licht, 263 F.Supp. 395 (S.D.N.Y. 1967). We think the district court should give further consideration to whether the prejudgment interest here is compensatory and whether, in light of the substantial sum involved, it is in accord with "fundamental fairness."

In particular, the district court should make specific findings, first, on the personal wrongdoings of Huffines and Muscat. It also should consider whether Muscat's "forced" sale changes the situ-

---

3. In *Perlman* the recovery followed the shares so that in most instances distribution was made to holders of the shares at the time of judgment. See Perlman v. Feldmann, 154 F.Supp. 436, 446 (D. Conn.1957).

ations. In making the award, Judge Mansfield may well have been influenced by the fact that Muscat, as a substantial stockholder in Defiance, would indirectly recoup part of the judgment. The trial court might well feel on further consideration, however, that nothing is changed, as Muscat should be able to receive a price for his shares which reflect the $1,500,000 award.

The district court should also consider whether Defiance was "deprived" of the principal sum so that prejudgment interest can in fact be termed compensatory. It was clearly correct in finding that Defiance suffered damages as a result of the issuance of almost 500,000 additional shares for grossly-overvalued consideration. See Hooper v. Mountain States Securities Corp., 282 F.2d 195 (5th Cir. 1960), cert. denied, 365 U.S. 814, 81 S.Ct. 695, 5 L.Ed.2d 693 (1960). But in reconsidering its discretionary award, the district court should consider whether Defiance passed up other, reasonably available and attractive opportunities to use these shares to raise cash or to purchase fully-valued assets.

Finally, there is one consideration with respect to the prejudgment interest which was awarded at the rate of 6% which we are not sure the district court passed upon. That is the claim that an unusually long period of time elapsed between the acts complained of, July, 1962, and the trial in February, 1968, with the judgment following promptly in May, 1968. It may well be that the defendants are at least equally responsible for the delay, but if it could be shown that the contrary is true to any substantial degree, it may well be that the district court would find it appropriate to fix the rate of interest at some lower percentage. Also, in awarding interest the district court may well have seen it in part as going to the corporation to cover counsel fees and litigation expenses. This approach would support the salutary principle of making appellants bear the fair cost of the damage they have done, while preserving the principal in its entirety for the corporation.

To permit further consideration of the prejudgment interest award, we grant these petitions for rehearing and remand to the district court, whose judgment stands affirmed in all other respects.