**CITY NATIONAL BANK, et al., Plaintiffs,**

v.

**AMERICAN COMMONWEALTH FINANCIAL CORPORATION, et al., Defendants.**

**No. C–C–82–482–P.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

April 11, 1985.

Thomas A. Lockhart, Bruce Simpson, Cansler & Lockhart, P.A., Charlotte, N.C., for plaintiffs.

G.R. Poehner, William F. LePage, Moore & Peterson, Dallas, Tex., Jimmy H. Barnhill, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

On March 4, 1985 the jury rendered its verdict in this litigation finding the Defendants liable under the federal securities law and state common law. In arriving at this general verdict, the jury affirmatively found that the Defendants purchased the "Post Trust" stock with the intent to deceive, manipulate, or defraud the Plaintiffs thus violating Rule 10b–13 and that although there existed a fiduciary relationship between the parties, the Defendants engaged in fraud or deceit in purchasing the Plaintiffs' stock. In awarding damages the jury found the Plaintiffs are entitled to recover: "$5.28 per share plus 9% simple interest that would have been realized from January 4, 1980 until settlement obtained."

After the jury rendered its verdict, both litigants filed responses with the Court as to the validity or invalidity of the award of prejudgment interest in this case. The Plaintiffs assert that since prejudgment interest is sanctioned under the federal securities law and under state law the judgment should include the prejudgment interest awarded by the jury. The Defendants concede that although prejudgment interest is awardable in a Rule 10b–13 claim, the factors to consider in determining whether to allow the interest weigh against an award in the instant case. Under the state law claim, the Defendants contend that N.C.G.S. § 24–5 precludes the award of prejudgment interest.

Prejudgment interest on the Rule 10b–13 claim is controlled by the federal common law. The Supreme Court states that "interest is not recovered according to a rigid theory of compensation of money withheld, but is given in response to considerations of fairness." *Blau v. Lehman,* 368 U.S. 403, 82 S.Ct. 451, 7 L.Ed.2d 403 (1962) (Securities Exchange Act § 16(b)). Whether prejudgment interest should be awarded on a damage recovery in a securities fraud case "is a question of fairness resting within the District Court's sound discretion." *Wolf v. Frank,* 477 F.2d 467, 479 (5th Cir.1973) (Rule 10b–5).[1]

The analysis set forth in *Fox v. Kane-Miller Corp.,* 398 F.Supp. 609, 651 (D.Md.

---

**1.** Although there are not any cases which discuss prejudgment interest in a Rule 10b–13 context, the parties do not assert and there does not appear to be any reason to distinguish that Securities and Exchange Rule from other of the federal securities laws on the issue of the availability of prejudgment interest.

1975), as cited by both litigants, contains one of the more detailed discussions of the factors to be considered by a court in deciding whether in all fairness prejudgment interest should be awarded. *Fox* provides that

> the factors and standards which a nisi prius court should use in determining whether or not to grant prejudgment interest in a 10b–5 case are reviewed and analyzed in *Norte & Co. v. Huffines,* 416 F.2d 1189 (2d Cir.1969), *cert. denied sub nom. Muscat v. Norte & Co.,* 397 U.S. 989, 90 S.Ct. 1121, 25 L.Ed 2d 396 (1970). Those factors include "fundamental considerations of fairness", the degree of personal wrongdoing on the part of the defendant, whether such interest would be truly compensatory, the availability of alternate investment opportunities to the plaintiffs, and the possibility that the time between the occurrence of the violation and the award of the judgment may have been intentionally prolonged by the plaintiffs.

■ In deciding whether an award is in accord with "fundamental fairness" the Court should assess the personal wrongdoings of the defendants. *Norte & Co. v. Huffines,* 416 F.2d 1189, 1191, (2d Cir. 1969), *cert. denied, sub nom., Muscat v. Norte & Co.,* 397 U.S. 989, 90 S.Ct. 1121, 25 L.Ed.2d 396 (1970). Awards of prejudgment interest are customarily awarded in cases involving a breach of fiduciary duty. *Id.* In the instant case the jury found that there existed a relationship of trust and confidence between the parties and that the Defendants engaged in fraud or deceit in connection with the purchase. More importantly, as to the Rule 10b–13 claim the jury specifically found that the Defendants purchased the Post Trust stock in order to deceive, manipulate, or defraud the Plaintiffs. This element of "wrongdoing" is particularly significant because it illustrates a calculated fraud by the Defendants as opposed to a mere technical violation of Rule 10b–13.

The Court in addition should consider whether the Plaintiffs were "deprived" of the principal sum, thus making the award of interest compensatory. In opposing the award of prejudgment interest the Defendants point to evidence that the Plaintiffs received the "highest price" available for their shares in 1979 or within any time around 1979. The Defendants, however, neglect to consider the fact that the jury found the fair value per share to be $10.28. If the Plaintiffs had received the "highest price" it is doubtful the jury would have found $10.28 in *compensatory* damages. Further, the Defendants apparently are ignoring the fact that approximately eleven months before the tender offer the Defendants purchased other shares at $10.28 per share and that the Defendants have regularly made money on the Plaintiffs' stock, today the shares being valued substantially in excess of the $10.28 awarded by the jury. Thus, an award of prejudgment interest is compensatory inasmuch as the Plaintiffs have been deprived of their money and their stock, which stock has substantially increased in value and the Defendants have had the stock and the $5.28 damage found by the jury since January 4, 1980. The jury found that had it not been for the fraud of the Defendants, the Plaintiffs would have received the additional $5.28 per share at the time of the tender offer on which sums the Plaintiffs could have realized 9% simple interest from January 4, 1980 until payment.

Finally, the Court should focus upon whether a delay between the time of the acts complained of and the date of the trial is shown to a substantial degree to be the responsibility of the Plaintiffs. The Defendants contend the Plaintiffs delayed in bringing this action in that the Post Trust Stock purchase was readily apparent in the tender offer materials. The Plaintiffs, however, did not know or have knowledge of the Defendants' *fraud* until the fall of 1981, when All American failed to exercise its option. This case is complicated both in terms of laws and fact. The Plaintiffs' attorneys responsibly approached this litigation, first investigating the possible fraud, assessing the merits of the action, the existence of evidence to support the

claim and not bringing separate fragmented lawsuits which lawsuits would all relate to the one contested tender offer. In addition, the Plaintiffs engaged in pretrial settlement negotiations with the Defendants, during which time the Defendants stayed the applicable statute of limitations. *See, Amendment to Complaint, Exhibit A.*

The responsibility for the delay between the time the suit was filed, August 18, 1982, and the time it was tried in March, 1985, cannot be placed on the Plaintiffs' shoulders. After the Plaintiffs filed the Complaint the Defendants moved to dismiss the action and obtained a stay of all discovery not related to the motion to dismiss. Not until May 14, 1984 did the Defendants inform the Court that the statute of limitations defense was not merited. The litigation having been delayed approximately two years and the Defendants' remaining motions not meriting any further stay, the Court ordered the Defendants to file its Answer. The Defendants answered and the litigation proceeded rapidly, the parties completing the outstanding discovery and moving for class certification. The case was tentatively set for trial in January, 1985 but was continued to the March 1985 term due to Defendants' conflict. Thus, although there has been a delay in the trial of this action, the delay is not attributable to the Plaintiffs' conduct in this litigation.

■ In conclusion, considering the pertinent factors enunciated in *Huffines,* as summarized in *Fox,* the balance tips decidedly toward the award of prejudgment interest from January 4, 1980 until the entry of judgment. Accordingly, such interest should be awarded.

■ Under North Carolina law the jury has discretion to award prejudgment interest in tort cases involving property losses. *E.g., Chatham v. Mecklenburg Realty Co.,* 174 N.C. 671, 94 S.E. 447 (1917); *Hoke v. Whisnant,* 174 N.C. 658, 94 S.E. 446 (1917). The Defendants argue that since N.C.G.S. § 24–5 provides for prejudgment interest in certain situations yet does not affirmatively provide for prejudgment interest in this type of claim, the failure to provide for the interest "implies" that the interest is no longer available. The Court finds the Defendants' expansive interpretation of Section 24–5 to be without merit. It is true that Section 24–5 provides for the award of interest in certain situations. It does not, however, even peripherally address the jury's discretion under the common law to award prejudgment interest in a tort involving loss of property. Accordingly, it cannot be construed to displace the existing common law, when such abrogation has not been provided for in whole or in part. *See,* N.C.G.S. § 4–1.

Although the common law provides for an award of prejudgment interest the North Carolina Court of Appeals has held that it is error to allow the jury to award prejudgment interest in a tort action in which the Defendants stood in a fiduciary relationship with the Plaintiff and by fraud procured the sale of the Plaintiffs' stock. *Lazenby v. Godwin,* 60 N.C.App. 504, 509, 299 S.E.2d 288, 291 (N.C.App.1983). The Court of Appeals summarily stated, without providing its reasoning, that the monetary damages awarded for the fraudulent sale of stock are not liquidated or readily ascertainable damages and thus the jury could not grant prejudgment interest. *Id.*

■ The damages awarded in this case under the state law claim are identical, except as to the amount, to the damages awarded in *Lazenby.* Thus, as this Court is compelled to follow the law of North Carolina with respect to the availability of prejudgment interest on the claim arising under state law, the award of prejudgment interest by the jury to the extent it relates to the state law claim is inappropriate.

In light of the above, the Court is of the opinion that the jury exceeded its discretion in awarding prejudgment interest under the state law claim in that the damages for the sale of stock for less than its fair value are not considered liquidated damages under North Carolina law. The Court, however, is further of the opinion that an award of prejudgment interest is merited

on the Rule 10b–13 claim and that the 9% found by the jury is a reasonable rate of return which rate could be fairly expected from reasonably safe investments. Accordingly, the Court will adopt the 9% found by the jury in making its award of prejudgment interest under the Rule 10b–13 cause of action.

IT IS, THEREFORE, ORDERED that partial judgment will be entered for the Plaintiffs in accordance with the jury verdict, with an award of 9% prejudgment interest from January 4, 1980.