**In re Gary W. COUCH and Jenny L. Couch, Debtors.**

**SNAP–ON TOOLS CORPORATION, Plaintiff,**

v.

**Gary W. COUCH, Defendant.**

**Bankruptcy No. 92–121–RWV–7.
Adv. No. 92–129.**

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Aug. 21, 1992.

Timothy L. Brennan, Brennan, Shula & Fogle, Indianapolis, IN, for plaintiff.

Gary W. Couch, pro se.

## ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT AND GRANTING LEAVE TO AMEND COMPLAINT AND/OR APPLICATION

RICHARD W. VANDIVIER,
Bankruptcy Judge.

This matter comes before the Court on the Application for Default Judgment ("the Application") filed on July 27, 1992, by the Plaintiff, Snap–On Tools Corporation. The Court denies the Application and grants the Plaintiff leave to amend the Application and/or its complaint for the reasons below.

The Plaintiff filed its Complaint to Determine Dischargeability or Dismiss Debtor's Petition ("the Complaint") on March 16, 1992. The Defendant, Gary W. Couch, has failed to answer or otherwise respond to the complaint.

In the complaint, the Plaintiff alleges that it has a purchase money security interest in certain tools, that the Defendant has failed to surrender them or reaffirm his obligation to the Plaintiff, that the Defendant willfully and maliciously injured the Plaintiff by converting its collateral, that the Defendant has a "present Judgment Balance" due to the Plaintiff of $2893.00, plus interest, that this debt should be declared nondischargeable, and that the Plaintiff is entitled to recover costs and attorney fees.

In the Application and supporting documents, the Plaintiff contends that the principal amount of its claim is $2385.00, that interest through July 31, 1992, was $113.22, that attorney fees of $650.00 were incurred in this action, for a total claim of $3148.22, and that in addition, costs of $120.00 were incurred in this action. It contends that its claim is, in part, based on

an NSF check the Defendant gave the Plaintiff.

The Court finds that default judgment cannot be entered at this time because of several deficiencies in the Complaint and/or the Application.

*Willful and Malicious Conversion—11 U.S.C. section 523(a)(6)*

■ A Chapter 7 discharge does not discharge a debtor from debts incurred for willful and malicious injury by the debtor to another entity or the property of another entity. 11 U.S.C. section 523(a)(6). Conversion of another's property (including one's collateral) will give rise to a nondischargeable debt under 11 U.S.C. section 523(a)(6) if the conversion is willful and malicious. *See In re Valentine*, 104 B.R. 67, 70 (Bankr.S.D.Ind.1988).

■ The Application and supporting documents support a finding of nondischargeability under this section. However, the measure of damages for conversion is the value of the converted property at the time of conversion, not the balance owing under the sales contract. *See In re Penney*, 76 B.R. 160, 162 (Bankr.N.D.Cal.1987). Because the Plaintiff has neither alleged nor provided evidence of the value of the collateral at the time of conversion, there is insufficient factual basis for default judgment under this exception from discharge.

*Fraud—11 U.S.C. section 523(a)(2)*

■ A discharge under Chapter 7 of the Bankruptcy Code does not discharge a debtor from a debt for money, property, services or credit to the extent obtained by false pretenses, a false representation or actual fraud (other than a statement respecting a debtor's or an insider's financial condition). 11 U.S.C. section 523(a)(2)(A). The giving of an NSF check may render a debt nondischargeable under 11 U.S.C. section 523(a)(2) if the debtor fraudulently obtained money, property, services or credit in exchange for the bad check. *See In re Mullin*, 51 B.R. 377 (Bankr.S.D.Ind.1985). If, however, a debtor simply tenders a bad check in payment of a preexisting debt and obtains nothing from the creditor in exchange for the bad check, this will not

support a finding of nondischargeability under 523(a)(2). *See In re Guy*, 101 B.R. 961, 979 (Bankr.N.D.Ind.1988).

■ In this case, because there is no allegation that the Defendant obtained anything in exchange for the bad check he allegedly gave the Plaintiff, the Complaint fails to state a claim under 11 U.S.C. section 523(a)(2).

*Attorney Fees*

This Court has held that if a creditor is entitled under state law to attorney fees incurred because of a debtor's actions that render the underlying debt nondischargeable under 11 U.S.C. section 523(a)(6), the debt for those attorney fees is also nondischargeable. *See In re Valentine*, 104 B.R. 67, 72 (Bankr.S.D.Ind.1988). *See also In re Hallahan*, 936 F.2d 1496, 1499 (7th Cir. 1991); *Klingman v. Levinson*, 831 F.2d 1292, 1296 (7th Cir.1987).

■ The Plaintiff asserts entitlement to attorney fees under Ind.Code 28–2–8–1(a), based on the NSF check the Defendant gave the Plaintiff. However, assuming this provision would support an award of attorney fees as a matter of state law, it would not support a finding, under federal bankruptcy law, that the fee award is nondischargeable because the underlying action, i.e. giving the NSF check, does not (as pled in this action) support a finding of nondischargeability.

A creditor may be entitled to attorney fees under Ind.Code 34–4–30–1 if a debtor's actions rise to the level of being criminal, and such an award will be nondischargeable if the debtor's criminal actions render the underlying debt nondischargeable under 11 U.S.C. section 523(a)(6). *See In re Valentine*, 104 B.R. at 72. However, this provision has not been pled, and may not be invoked if a claim under Ind.Code 28–2–8–1 is made. *See* Ind.Code 28–2–8–1(e).

Thus, as the Complaint and Application now stand, there is no basis for the Court to give the Plaintiff judgment for the requested attorney fees.

*Interest, Enhanced Damages and Costs*

Any prejudgment interest on a nondischargeable debt to which the Plaintiff may be entitled under state law will also be nondischargeable. *See Klingman v. Levinson*, 831 F.2d at 1296. Such interest continues to accrue post-petition. *See In re Hanna*, 872 F.2d 829 (8th Cir.1989). Enhanced damages that are punitive in nature will not be found nondischargeable. *See Valentine*, 104 B.R. at 71. If the Plaintiff prevails in this action, costs may be awarded to the Plaintiff under FRBP 7054(b).

*Conclusion*

Unlike a claimant that is in federal court under diversity jurisdiction, a plaintiff in a dischargeability action brought under this Court's bankruptcy jurisdiction must establish more than a valid claim under state law. The plaintiff must establish which components, if any, of its claim are nondischargeable under federal bankruptcy law. The Plaintiff in this case has not yet met this latter burden.

The Court must deny the Plaintiff's Application at this time, but will grant the Plaintiff leave to amend its Complaint and/or the Application to correct the above identified deficiencies.

The Court therefore:

(1) DENIES the Plaintiff's Application for Default judgment, and

(2) GRANTS the Plaintiff 30 days from the date of this order to amend its Complaint and/or Application.

SO ORDERED.