Jimmy PIERCE and J.E. Pierce Builders,
Inc., Plaintiffs–Appellees,

v.

John Mr. PYRITZ, Defendant–Appellant.

No. 96 C 2264.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 9, 1996.

Whitman Henry Brisky, Lindenbaum, Coffman, Kurlander, Brisky & Hayes, Ltd., Chicago, IL, for defendant-appellant John A. Pyritz.

James E. Land, Attorney at Law, Worth, IL, for plaintiff-appellee Jimmy Pierce.

*MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

John Mr. Pyritz ("Mr. Pyritz") appeals the decision of the United States Bankruptcy Court that Mr. Pyritz' debt to his former employer, J.E. Pierce Builders, Inc. ("Pierce Builders"), is nondischargeable. Jurisdiction exists because this is an appeal from a final order of the United States Bankruptcy Court for the Northern District of Illinois. 28 U.S.C. § 158(a)(1). For the reasons stated below, the bankruptcy court's decision is affirmed except for the award of attorneys' fees.

*Background*

Mr. Pyritz filed a petition for a Chapter 7 bankruptcy. Pierce Builders and its president and owner, Jimmy Pierce ("Pierce"), filed an adversary complaint,[1] seeking to declare Mr. Pyritz' debt to them nondischargeable under section 523(a)(4) of the Bankruptcy Code, as a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4).[2]

At the bankruptcy court trial, Mr. Pierce and Pierce Builders sought to show that Mr. Pyritz, in his capacity as vice president for Pierce Builders, used corporate funds without authorization to pay personal expenses, including credit card bills, utility bills, rent, and improvements to his children's homes; to build a home for one of his children; to purchase automobiles at the end of company lease terms; and to provide advances to himself.

The bankruptcy court dismissed Mr. Pierce's individual claim and concluded that Pierce Builders did not prove the debt nondischargeable due to fraud or defalcation while Mr. Pyritz acted as a fiduciary of Pierce Builders, or due to larceny. The bankruptcy court found, however, that Pierce Builders proved by a preponderance of the evidence that Mr. Pyritz' actions constituted embezzlement. Consequently, the court refused to discharge the debt and awarded Pierce Builders the amount of the embezzled

---

1. Mr. Pyritz' wife, Catherine Pyritz, filed for bankruptcy with her husband. She was a co-defendant in Pierce Builders' action, but was eventually dismissed.

2. The bankruptcy court dismissed Pierce Builders' claim under section 523(a)(2)(A).

funds, $325,305.82, plus interest, costs, and attorneys' fees. Mr. Pyritz appeals from this judgment. Pierce Builders does not cross-appeal.

*This Court's Review*

1.

■ On appeal from an order of a bankruptcy court, a district court reviews factual findings under the "clearly erroneous" standard and conclusions of law, de novo. *Meyer v. Rigdon,* 36 F.3d 1375, 1378 (7th Cir.1994).

In summary, Mr. Pyritz raises two questions of law—that the bankruptcy court should have used the "clear and convincing evidence" standard of proof, instead of a "preponderance of the evidence," in its embezzlement determination, and that the bankruptcy court erred in awarding attorneys' fees and interest to Pierce Builders. Mr. Pyritz also argues that Pierce Builders failed to prove embezzlement by "clear and convincing evidence."

■ The standard of proof to be used is a question of law. Pierce Builders objected to Mr. Pyritz' discharge based upon section 523(a)(4) of the Bankruptcy Code. Section 523(a)(4) provides, in pertinent part, that "[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt— ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The party seeking to establish an exception to the discharge of a debt bears the burden of proof. *In re Martin,* 698 F.2d 883, 887 (7th Cir.1983). The burden of proof required to establish an exception to the discharge is a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 286–87, 111 S.Ct. 654, 659–660, 112 L.Ed.2d 755 (1991). Under the Bankruptcy Code, embezzlement is "the fraudulent appropriation of property by a person to whom such property was entrusted or into whose hands it has lawfully come."

*In re Weber,* 892 F.2d 534, 538 (7th Cir.1989) (quoting from *Moore v. United States,* 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895)). To prove embezzlement, the creditor must show by a preponderance of the evidence (1) that the debtor appropriated the subject funds for his own benefit and (2) that he did so with fraudulent intent or deceit. *In re Sarama,* 192 B.R. 922, 927, 931 (N.D.Ill.1996); *In re Conder,* 196 B.R. 104, 110 (W.D.Wis.1995). In its opinion, the bankruptcy court enunciated the correct standard of proof and the correct definition of embezzlement. *In re Mr. Pyritz,* No. 94 A 17, slip op. at 2 (Bankr.N.D.Ill. Mar. 8, 1996). After a thorough discussion of the evidence, the bankruptcy court concluded that Pierce Builders proved by a preponderance of the evidence that Mr. Pyritz' actions constituted embezzlement.

Having concluded that the bankruptcy court used the correct standard of proof, I will not address Mr. Pyritz' factual challenges because Mr. Pyritz argues only that the evidence fell short of the "clear and convincing," not the "preponderance of the evidence," threshold.[3]

2.

■ The bankruptcy court erred in awarding Pierce Builders attorneys' fees. Section 523 does not authorize the recovery of attorneys' fees by a creditor who successfully opposes a discharge of his debt. "Under the American Rule, attorneys' fees would not be added to a debt as [a matter] of course." *In re Mayer,* 51 F.3d 670, 677 (7th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 563, 133 L.Ed.2d 488 (1995). The Seventh Circuit has held, however, that "[a]ttorneys' fees provided by contract are part of the debt, and if the principal ... [is] nondischargeable [under section 523(a) of the Bankruptcy Code], so are the other elements of the debt." *Id.* In the present case, no contract existed between Mr. Pyritz and Pierce Builders.

---

**3.** In addition, Mr. Pyritz argues that the uncontradicted evidence showed that Mr. Pyritz' actions were authorized or ratified by an agent of J.E. Pierce Builders, Inc., namely the office manager, and that certain checks should not have been included in the damages because there was no proof at all that said checks were used exclusively for the benefit of Mr. Pyritz. The evidence supports the bankruptcy judge's conclusions. Mr. Pyritz also argues that he was deprived of discovery but since he asks this Court to compel production only in the event of remand, the issue is moot.

**3.**

The bankruptcy court did not err in awarding prejudgment interest. The bankruptcy court judgment states that Pierce Builders is awarded "$325,305.82 plus interest, costs, and attorneys' fees. This indebtedness to Pierce Builders is not discharged." Neither the judgment nor the opinion specifies what interest is contemplated. Mr. Pyritz contests only prejudgment interest.

██ Mr. Pyritz embezzled funds from Pierce Builders during 1989 and 1990. He then filed for bankruptcy.[4] Pierce Builders commenced the adversary proceeding under review here on January 4, 1994. The bankruptcy court issued its final judgment on March 8, 1996. Prejudgment interest accrued from the dates of embezzlement until March 8, 1996. *See In re Oil Spill by Amoco Cadiz,* 954 F.2d 1279, 1330–31 (7th Cir.1992) (Section 1961 is applicable to prejudgment interest). A portion of the prejudgment interest accrued prior to Mr. Pyritz' filing his bankruptcy petition (pre-petition interest); a portion accrued during the post-petition period (post-petition interest).

██ Pierce Builders is entitled to pre-petition interest. This Circuit has held that under subsection 523(a)(1)(A), "if the underlying liability is nondischargeable, pre-petition interest is also nondischargeable." *In re Larson,* 862 F.2d 112, 119 (7th Cir.1988). *In re Larson* analysis is applicable here. Section 523(a)(4) exempts from discharge "any debt— ... for fraud or defalcation while

acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). A "debt" is "a liability on a claim." 11 U.S.C. § 101(12). A "claim," in turn, is broadly defined as a "right to payment, whether or not such right is reduced to judgement, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). This broad definition includes interest. *In re Larson,* 862 F.2d at 119; *In re Leahey,* 169 B.R. 96, 98–99 (D.N.J.1994).

██ The general rule in bankruptcy is that a creditor is not entitled to post-petition interest. *In re Fesco Plastics Corp.,* 996 F.2d 152, 155 (7th Cir.1993). However, courts in this and other Circuits have allowed post-petition interest under section 523 when the underlying debt is nondischargeable.[5] Therefore, since the underlying debt in this case is nondischargeable, Pierce Builders can recover pre- and post-petition prejudgment interest.

### Conclusion

For the reasons stated above, the decision of the bankruptcy court is affirmed, but the award of attorneys' fees is stricken.

---

4. The record before me does not indicate when Mr. Pyritz filed his bankruptcy petition.

5. *In re Levinson,* 58 B.R. 831, 837 (N.D.Ill.1986), after finding a debt nondischargeable under section 523(a)(4), the bankruptcy court awarded the creditor post-petition interest, citing *Bruning v. United States,* 376 U.S. 358, 360, 84 S.Ct. 906, 907, 11 L.Ed.2d 772 (1964) (allowing post-petition interest on nondischargeable tax liability under section 523(a)(1)). The Seventh Circuit affirmed *Levinson* without addressing the appropriateness of post-petition interest because the creditor did not raise the issue. *Klingman v. Levinson,* 831 F.2d 1292, 1297 n. 4 (7th Cir. 1987). *See also In·re Levitsky,* 137 B.R. 288, 291–92 (E.D.Wis.1992) (post-petition prejudgment interest allowed based on state law where debt nondischargeable under section 523(a)(2)(A)); *In re Couch,* 154 B.R. 511, 514

(S.D.Ind.1992) (post-petition prejudgment interest allowed under section 523(a)(6)).

The overwhelming consensus is that notwithstanding some statutory language to the contrary, *see* 11 U.S.C. § 502(b)(2), *Bruning* remains viable. *See, e.g., In re Hanna,* 872 F.2d 829, 830–31 (8th Cir.1989); *In re Burns,* 887 F.2d 1541, 1543 (11th Cir.1989). Although all well-reasoned cases allowing post-petition interest address section 523(a)(1), their rationale should be generalizable to section 523(a)(4): "[t]he general rule 'disallowing' the payment of unmatured interest out of the assets of the bankruptcy estate is a rule of administrative convenience and fairness to all creditors.... [T]he[se] concerns ... are not present when a court makes a determination of whether to discharge a claim." *In re Hanna,* 872 F.2d at 830–31.