**In re Mark E. GLATSTIAN and Linda M. Glatstian, Debtors.**

**Robert LAPIN, Richard Lapin, Carol Acker, Elliot Goldstein, Dr. Juan Sanchez, Arnold Chernoff, Matthew Zimmerman, Gilbert Davidson and Fort Myers, Florida Associates, L.P., Plaintiffs,**

v.

**Mark E. GLATSTIAN, Defendant.**

Bankruptcy No. 95–33634.
Adversary No. 95–3221.

United States Bankruptcy Court,
D. New Jersey.

Dec. 18, 1997.

Adam Slater, Nagel Rice & Dreifuss, Livingston, NJ, for Plaintiff.

David E. Shaver, Broege, Neumann, Fischer & Shaver, Mansquan, NJ, for Defendant/Debtor.

### MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by the plaintiff, Fort Myers Florida Associates, L.P., (hereinafter "plaintiff" or "FMF") in this adversary proceeding for an award of prejudgment interest. The defendant, Mark E. Glatstian (hereinafter "debtor" or "Mr. Glatstian") opposes the motion. Three questions need to be addressed. The first is whether the plaintiff is entitled to prejudgment interest. Then, if the first question is answered affirmatively, the court must consider at what point the prejudgment interest begins to accrue. Finally, the court must calculate the prejudgment interest due based on the appropriate interest rates. The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O). The following constitutes the court's findings of fact and conclusions of law.

### FINDINGS OF FACT

Mr. Glatstian was a general partner of FMF, which was a New Jersey limited partnership formed in late 1986 to own and operate a hotel in Fort Myers, Florida. Mr. Glatstian controlled the operations of FMF.

On or about September 26, 1994, Mr. Glatstian filed a joint petition with his wife, Linda Glatstian, for relief under chapter 7 of title 11, United States Code (hereinafter "Bankruptcy Code" or "Code"), in the Southern District of Florida. On February 9, 1995, FMF and eight of its limited partners filed a nondischargeability complaint against the debtor. The plaintiffs alleged that Glatstian improperly disbursed hundreds of thousands of dollars from FMF's various accounts during the years 1987 through 1989. On April 6, 1995, the case was transferred to the Bankruptcy Court for the District of New Jersey.

In a memorandum opinion filed on October 9, 1996, this court entered a judgment in the amount of $370,428.18 in favor of FMF on its claim based on a finding of defalcation by the debtor in a fiduciary capacity under Bankruptcy Code section 523(a)(4). The memorandum opinion was silent as to prejudgment interest. In a letter opinion dated October 30, 1996, the court denied FMF prejudgment interest. The court reasoned that because FMF did not specifically plead a request for prejudgment interest in the amended complaint or in any other papers filed before judgment, it should not be granted.

On May 7, 1997, the district court issued an opinion and order which reversed this court's denial of prejudgment interest. The district court stated that it was sufficient that FMF's prayer for relief in counts three and six of the amended complaint included a request "for such other relief as may be equitable and just." The district court reasoned

that Federal Rule of Civil Procedure 54(c) does not require a plaintiff to specifically plead a request for prejudgment interest. *Hamman v. Southwestern Gas Pipeline, Inc.*, 821 F.2d 299, 308 (5th Cir.1987), *vacated in part on other grounds*, 832 F.2d 55 (5th Cir.1987); *Crown Central Petroleum Corp. v. National Union Fire Ins. Co.*, 768 F.2d 632, 638 (5th Cir.1985). The district court further explained that even if FMF did not ask for prejudgment interest until after the judgment, its claim should not be barred because it requested the interest in a post-trial motion. *Brooms v. Regal Tube Co.*, 881 F.2d 412, 424 n. 9 (7th Cir.1989) ("[a]t a minimum, a party must request the interest in a post-trial motion if he or she has failed to plead the relief in the original complaint"). The district court therefore remanded the issue of whether FMF is entitled to an award of prejudgment interest to this court.

### Plaintiff's Position

FMF argues that it is entitled to prejudgment interest because Mr. Glatstian's breach of fiduciary duty to FMF was egregious. There are no facts in the record, FMF maintains, to rebut the presumption in favor of awarding prejudgment interest. FMF claims that the court should award prejudgment interest from January 1, 1988 through October 30, 1996. FMF uses January 1, 1988 as the starting date because Glatstian's defalcations commenced in 1987. Finally, FMF calculates the prejudgment interest award to be $162,148.78 pursuant to the applicable interest rates under 28 U.S.C. § 1961.

### Debtor's Position

The debtor argues that prejudgment interest should not be awarded because it is not needed to make the plaintiff whole. The debtor maintains that at trial FMF failed to show it was "wrongfully deprived" of its funds because the court merely concluded that Mr. Glatstian failed to account for the subject funds.

Alternatively, the debtor argues, should the court award prejudgment interest, such interest should only accrue from the chapter 7 petition filing date of September 26, 1994.

### CONCLUSIONS OF LAW

Section 523(a)(4) excepts from discharge "any debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). In general, federal law governs section 523 nondischargeability actions. *See Grogan v. Garner*, 498 U.S. 279, 283–84, 111 S.Ct. 654, 657–58, 112 L.Ed.2d 755 (1991) ("[T]he issue of nondischargeability has been a matter of federal law governed by the terms of the Bankruptcy Code."). Whether a debtor acted with the requisite fiduciary capacity under the exception to discharge for defalcation under section 523(a)(4) is a question of federal law. *In re Shultz*, 205 B.R. 952, 955 (Bankr.D.N.M.1997). In cases governed by federal law prejudgment interest is presumptively available. *Residential Mktg. Group, Inc. v. Granite Inv. Group*, 933 F.2d 546, 549 (7th Cir.1991) (prejudgment interest is available in diversity cases); *see also Gorenstein Enterprises, Inc. v. Quality Care–USA, Inc.*, 874 F.2d 431, 436–37 (7th Cir.1989) (prejudgment interest is available in trademark infringement cases). It follows that prejudgment interest is presumptively available in cases under Bankruptcy Code section 523. The award of such interest is, however, a matter left to the discretion of the trial court. *In re Acequia, Inc.*, 34 F.3d 800, 818 (9th Cir.1994).

### A. FMF Is Entitled to Prejudgment Interest.

Prejudgment interest is appropriate when the plaintiff has been wrongfully deprived of its money. *Securities and Exchange Comm'n v. Hughes Capital Corp.*, 917 F.Supp. 1080, 1089–90 (D.N.J.1996) *aff'd*, 124 F.3d 449 (3rd Cir.1997); *Residential*, 933 F.2d at 549. It is in the nature of compensation for the use of plaintiff's money by the defendant. 47 C.J.S. Interest & Usury § 49. It is awarded when it is necessary to make the wronged party whole. *Acequia*, 34 F.3d at 818. Without prejudgment interest, compensation of the plaintiff is incomplete and the defendant has an incentive to delay. *Gorenstein*, 874 F.2d at 436. Prejudgment interest is customarily awarded when a party has breached his fiduciary duty. *Securities*

*and Exchange Comm'n v. Hasho,* 784 F.Supp. 1059, 1112 (S.D.N.Y.1992) (citing *Norte & Co. v. Huffines,* 416 F.2d 1189, 1191 (2d Cir.1969), *cert. denied,* 397 U.S. 989, 90 S.Ct. 1121, 25 L.Ed.2d 396 (1970)). These holdings are based upon considerations of fundamental fairness. *Hasho,* 784 F.Supp. at 1112 (citing *Rolf v. Blyth, Eastman Dillon & Co., Inc.,* 637 F.2d 77, 87 (2d Cir.1980)); *Norte,* 416 F.2d at 1191. The court concludes that in this case, in which the defendant wrongfully deprived the plaintiff of the use of its money by a defalcation in a fiduciary capacity, the plaintiff is entitled to prejudgment interest.

**B. *Prejudgment Interest Accrual Begins When the Cause of Action Accrues.***

█ Most cases involving wrongful deprivation of funds or similar tortious conduct have held that prejudgment interest begins to accrue when the cause of action accrues. *Hughes,* 917 F.Supp. at 1089–90 (prejudgment interest awarded for the entire nine and one-half year period between the date of the perpetration of securities fraud and the date of the court's disgorgement order); *Pierce v. Pyritz,* 200 B.R. 203, 206 (N.D.Ill. 1996) (interest accrues from the dates of embezzlement); *In re Brantley,* 116 B.R. 443, 448 (Bankr.D.Md.1990) (interest awarded for the full period of the deprivation of funds); *In re Bridge,* 106 B.R. 474, 477 (Bankr.E.D.Mich.1989) (interest calculated from the date of the deprivation of the use of money); *In re Sims Office Supply, Inc.,* 94 B.R. 744, 747–48 (Bankr.M.D.Fla.1988) (prejudgment interest accrues from the date of the improper transfer); *Ellmex Constr. Co., Inc. v. Republic Ins. Co.,* 202 N.J.Super. 195, 213, 494 A.2d 339, 349 (1985), *cert. denied,* 103 N.J. 453, 511 A.2d 639 (1986) (prejudgment interest calculated from the date of the defendant insurance company's denial of the claim); *see also* 47 C.J.S. Interest & Usury § 49 (prejudgment interest is "payable to plaintiff from the time of his loss or injury .... "). *But c.f. In re Brace,* 131 B.R. 612 (Bankr.W.D.Mich.1991) (holding that generally interest should commence with the filing of any prior state court action).

The debtor relies on the court's holding in *In re Auricchio,* 196 B.R. 279 (Bankr.D.N.J. 1996), *overruled on other grounds by In re Cohen,* 106 F.3d 52 (3d Cir.1997), awarding prejudgment interest from the date of the filing of a prior state court action. The debtor argues that *Auricchio* should be applied here to hold that prejudgment interest shall only accrue from the date of the filing of the bankruptcy petition. In *Auricchio,* however, the plaintiffs did not request interest from the date of the fraud; they only requested it from the date of the filing of the state court complaint. In that case the plaintiffs filed their state court action against the debtor on August 18, 1994. *Id.* at 285. So that was the commencement date which the court used to determine prejudgment interest. *Id.* at 289. Where, however, as here, the plaintiff in an action for wrongful deprivation of funds requests interest from the date the cause of action accrues, the plaintiff will ordinarily be entitled to interest from that date pursuant to the case law cited above.

The court therefore concludes that in this case the plaintiff is entitled to prejudgment interest commencing when the defalcations occurred. Mr. Glatstian's defalcations commenced in 1987. He cannot be permitted to benefit from the wrongful use of the subject funds from the dates of defalcation to the date of the bankruptcy petition.

**C. *The Calculation of Prejudgment Interest.***

█ 28 U.S.C. § 1961 governs the rate of prejudgment interest in nondischargeability actions under section 523(a). *Auricchio,* 196 B.R. at 289. 28 U.S.C. § 1961 establishes the federal rate as follows:

> interest shall be calculated ... at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury Bills settled immediately prior to the date of the judgment.

28 U.S.C. § 1961.

The following calculations of interest by FMF are not disputed by the debtor, and are

therefore accepted by the court except as noted.

### 1. *1988 Prejudgment Interest Amount is $1,488.48.*

The court awarded the plaintiff $20,616.13 for Mr. Glatstian's defalcations committed in 1987. (Memorandum Opinion at 13–14). Pursuant to 28 U.S.C. § 1961, the applicable interest rate from January 1, 1988 through December 31, 1988 is 7.22%. The 1988 prejudgment interest amount is ($20,616.13 × .0722) = $1,488.48.[1]

### 2. *1989 Prejudgment Interest Amount is $19,541.00.*

The court awarded the plaintiff $191,786.05 for Mr. Glatstian's defalcations committed in 1988. (Memorandum Opinion at 14–15). The total 1989 damage amount is $212,402.18, the sum of the 1987 and 1988 judgments. Pursuant to 28 U.S.C. § 1961, the applicable interest rate from January 1, 1989 through December 31, 1989 is 9.20%. The 1989 prejudgment interest amount is ($212,402.18 × .092) = $19,541.00.[2]

### 3. *1990 Prejudgment Interest Amount is $28,374.80.*

The court awarded the plaintiff $158,026.00 for Mr. Glatstian's defalcations committed in 1989. (Memorandum Opinion at 15). The total 1990 damage amount is $370,428.18, the sum of the 1987, 1988 and 1989 judgments. Pursuant to 28 U.S.C. § 1961, the applicable interest rate from January 1, 1990 through December 31, 1990 is 7.66%. The 1990 prejudgment interest amount is ($370,428.18 × .0766) = $28,374.80.[3]

### 4. *1991 Prejudgment Interest Amount is $26,004.06.*

There were no additional defalcations after 1989. The 1991 damage amount therefore remained $370,428.18, the sum of the awards for 1987, 1988 and 1989. Pursuant to 28 U.S.C. § 1961, the applicable interest rate from January 1, 1991 through December 31, 1991 is 7.02%. The 1991 prejudgment interest amount is ($370,428.18 × .0702) = $26,004.06.[4]

### 5. *1992 Prejudgment Interest Amount is $16,335.88.*

The 1992 damage amount remained $370,428.18. Pursuant to 28 U.S.C. § 1961, the applicable interest rate from January 1, 1992 through December 31, 1992 is 4.41%. The 1992 prejudgment interest is ($370,428.18 × .0441) = $16,335.88.[5]

### 6. *1993 Prejudgment Interest Amount is $13,779.93.*

The 1993 damage amount remained $370,428.18. Pursuant to 28 U.S.C. § 1961, the applicable interest rate from January 1, 1993 through December 31, 1993 is 3.72%. The 1993 prejudgment interest is ($370,428.18 × .0372) = $13,779.93.

### 7. *1994 Prejudgment Interest Amount is $13,372.46.*

The 1994 damage amount remained $370,428.18. Pursuant to 28 U.S.C. § 1961, the applicable interest rate from January 1, 1994 through December 31, 1994 is 3.61%. The 1994 prejudgment interest is ($370,428.18 × .0361) = $13,372.46.

### 8. *1995 Prejudgment Interest Amount is $26,744.91.*

The 1995 damage amount remained $370,428.18. Pursuant to 28 U.S.C. § 1961, the applicable interest rate from January 1, 1995 through December 31, 1995 is 7.22%. The 1995 prejudgment interest is ($370,428.18 × .0722) = $26,744.91.[6]

### 9. *1996 Prejudgment Interest Amount is $16,505.87.*

The 1996 damage amount remained $370,428.18. Pursuant to 28 U.S.C. § 1961, the

---

1. Several of FMF's calculations differ slightly from the court's calculations because FMF used an incorrect judgment amount of $20,616.25 for 1987 rather than the correct amount of $20,616.13. FMF determined its 1988 prejudgment interest to be $1,488.49.

2. FMF totaled its 1989 prejudgment interest as $19,541.01.

3. FMF totaled its 1990 prejudgment interest as $28,374.81.

4. FMF totaled its 1991 prejudgment interest as $26,004.07.

5. FMF totaled its 1992 prejudgment interest as $16,335.89.

6. FMF totaled its 1995 prejudgment interest as $26,744.92.

applicable interest rate from January 1, 1996 through December 31, 1996 is 5.35%. The annual interest for 1996 is ($370,428.18 × .0535) = $19,817.91. Because the judgment was entered on October 30, 1996, the 1996 prejudgment interest is accordingly adjusted. The 1996 annualized interest of $19,817.91 divided by 365 days comes to $54.30 per day. October 30, 1996, was the 304th day of 1996. Thus, the prejudgment interest is (304 × $54.30) = $16,505.87.[7]

## CONCLUSION

Prejudgment interest is awarded as follows:

| Year | Amount |
| --- | --- |
| 1988 | $ 1,488.48 |
| 1989 | $ 19,541.00 |
| 1990 | $ 28,374.80 |
| 1991 | $ 26,004.06 |
| 1992 | $ 16,335.88 |
| 1993 | $ 13,779.93 |
| 1994 | $ 13,372.46 |
| 1995 | $ 26,744.91 |
| 1996 | $ 16,505.87 |
| Total | $162,147.39 |

FMF is to submit an order within seven days under D.N.J. Bankr.Ct. R. 9072–1(c).

---

7. FMF totaled its 1996 prejudgment interest as    $16,507.20.