**In re Jerry William McARTHUR,
Debtor.**

**KC Coring & Cutting Construction,
Inc., Plaintiff,**

v.

**Jerry William McArthur, Defendant.**

**Bankruptcy No. 06–21593.
Adversary No. 06–06232.**

United States Bankruptcy Court,
D. Kansas.

July 2, 2008.

Kori Crouse, Leawood, KS, for Plaintiff.

W. Brett Chapin, Chapin Law Firm, LLC, Shawnee, KS, for Defendant.

## MEMORANDUM ORDER GRANTING JUDGMENT IN FAVOR OF DEFENDANT

ROBERT D. BERGER, Bankruptcy Judge.

The parties filed cross-motions for summary judgment on Plaintiff's complaint objecting to discharge of a debt under 11 U.S.C. § 523(a)(2).[1] Plaintiff KC Coring & Cutting Construction, Inc. ("KC Coring"), seeks to except from discharge approximately $3,725.00, alleging Defendant issued an insufficient funds check. Prepetition, KC Coring obtained a default judgment against Defendant in state court which included statutory penalties for passing a worthless check. Debtor/Defendant argues the complaint fails to state a claim under 11 U.S.C. § 523(a)(2) and fails to allege or prove fraud. The Court, having reviewed the relevant pleadings, grants Defendant's motion and denies Plaintiff's motion.

### Findings of Fact

Defendant filed for bankruptcy on October 5, 2006. Defendant worked for S & M Boring Specialists, Inc. In 2004, S & M Boring and KC Coring entered into a business relationship based on an open account. Defendant personally guaranteed S & M Boring's debts to KC Coring. On June 25, 2004, Defendant signed a check on behalf of S & M Boring payable to KC Coring in the amount of $1,612.86 for materials and services previously provided by KC Coring to S & M Boring. Defendant testified he did not know S & M Boring's account balance when he tendered the check. Defendant "hoped for the best" that incoming receivables would be sufficient to cover the check when he tendered the check to KC Coring. S & M Boring, while in financial trouble, was still collecting receivables at the time Defendant tendered the check. The check was returned for insufficient funds. KC Coring holds an October 12, 2005, state court default judgment against Defendant finding Defendant issued a worthless check and including statutory penalties.

### Conclusions of Law

Defendant filed what he called a motion to dismiss under Fed.R.Civ.P. 12(b)(6) and Fed. R. Bankr.P. 7056 seeking entry of summary judgment based on Plaintiff's lack of evidence on an essential element of Plaintiff's claim. Since Defendant filed this motion after his Answer, the Court shall consider the motion as a motion for summary judgment. The motion satisfies the requirements of a summary judgment motion in both form and substance. Plaintiff filed a cross-motion for summary judgment.

### A. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates there is no genuine issue as to any material fact, and he is entitled to judgment as a matter of law.[2] A movant who does not bear the ultimate burden of persuasion at trial must demonstrate to the court a lack of evidence from the other party on an essential element of that party's claim.[3] If the movant meets this burden, the nonmovant who would bear the burden of persuasion at trial must go beyond the pleadings and set

1. Defendant's Motion to Dismiss, Doc. No. 48, and Plaintiff's Motion for Summary Judgment, Doc. No. 50.

2. Fed. R. Bankr.P. 7056.

3. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

forth specific facts which would allow the court to find for the nonmovant.[4]

Cross-motions for summary judgment allow the Court to assume the only evidence to be considered has been submitted with the pleadings. However, cross-motions are to be considered independently, and summary judgment is not appropriate if disputes remain as to any material fact.[5] All inferences drawn from undisputed evidentiary facts are to be construed in favor of the nonmoving party.[6] Only when reasonable minds could not differ as to the import of the proffered evidence is summary judgment proper.[7]

## B. Nondischargeable Debts Based on Fraud

Although not specifically set out in the complaint, Plaintiff proceeds under § 523(a)(2)(A), that is, "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."[8] In contrast, § 523(a)(2)(B) concerns a statement in writing pertinent to the debtor's financial condition that is materially false. Since Plaintiff does not make any allegations with regard to a financial statement,

the Court finds Plaintiff asserts an exception to discharge only under § 523(a)(2)(A).

■■■ To prevail on a nondischargeability claim for fraud under 11 U.S.C. § 523(a)(2), a creditor must prove by a preponderance of the evidence: (1) the debtor made a false representation; (2) the debtor intended to deceive the creditor; (3) the creditor relied on debtor's conduct; (4) the creditor's reliance was justifiable; and (5) the creditor was damaged as a proximate result.[9] Exceptions to discharge are construed narrowly.[10]

■■■ An insufficient funds check, standing alone, is not a false statement.[11] The creditor must also prove the debtor made a misrepresentation with the intent to defraud in direct connection with issuing the check.[12] In other words, the debtor must have fraudulently obtained money, property, services or credit in a contemporaneous exchange for a check which the debtor knew would not later be honored.[13] Simply "playing the float" to cover checks tendered in payment for a preexisting debt is insufficient.[14] Plaintiff's failure to plead

---

**4.** Id., citing Fed.R.Civ.P. 56(e).

**5.** Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir.2000).

**6.** Id.

**7.** Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250–51, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**8.** See also Field v. Mans, 516 U.S. 59, 69, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), which summarily defines the standard applied for false pretenses, false representations, and actual fraud as common law terms in that "they imply elements that the common law has defined them to include."

**9.** In re Davis, 246 B.R. 646, 652 (10th Cir. BAP 2000), aff'd in part, vacated in part on

other grounds, 35 Fed.Appx. 826 (10th Cir. 2002). See also In re Sibley, 71 B.R. 147 (Bankr.D.Mass.1987).

**10.** Grogan v. Garner, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

**11.** In re Davis, 246 B.R. at 653, citing Jarboe Sales Co. v. Degraffenreid (In re Degraffenreid), 131 B.R. 178, 180 (Bankr.N.D.Okla.1991); Jack Master, Inc. v. Collins (In re Collins), 28 B.R. 244, 247 (Bankr.W.D.Okla.1983).

**12.** Id.

**13.** Snap-on Tools Corp. v. Couch (In re Couch), 154 B.R. 511, 513 (Bankr.S.D.Ind. 1992).

**14.** In re Davis, 246 B.R. at 653 (describing "playing the float" as intending to cover a

and prove debtor obtained anything in exchange for the bad check fails to satisfy § 523(a)(2)'s requirements of a nondischargeable debt.[15]

■ KC Coring's evidence does not sustain its burden of proof with regard to (1) a false representation, (2) KC Coring's justifiable reliance, and (3) any damages. KC Coring provided its services to S & M Boring on credit guaranteed by Debtor.[16] KC Coring provided its services, then billed S & M Boring for work already performed. S & M Boring paid all KC Coring invoices except for the one check at issue in this case.[17] During the relevant time frame, S & M Boring floated its checks, meaning it relied on incoming receivables to cover outstanding payables. KC Coring provided no additional services to S & M Boring after receiving the dishonored check. KC Coring has not shown Debtor made a false representation by merely attempting to pay an outstanding invoice with a check which later did not clear. KC Coring has not shown it relied on the check to its detriment by providing additional services in exchange for the check. KC Coring has not shown the insufficient funds check damaged KC Coring other than leaving an outstanding invoice unpaid due to the ultimate failure of S &

M Boring. As in *Davis*, Debtor floated checks, but without more, this behavior does not meet the standard for nondischargeability under 11 U.S.C. § 523(a)(2)(A).

### C. State Court Judgments Usually Do Not Have Preclusive Effect in § 523(a)(2) Dischargeability Actions.

■ Bankruptcy courts independently determine whether particular debts are excepted from discharge.[18] *Res judicata* from a state court judgment does not apply in later actions to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(2).[19] The bankruptcy court, in its exclusive jurisdiction, may consider evidence extrinsic of the state court record to make this determination.[20] Issue preclusion or collateral estoppel is only relevant when the underlying state court judgment is based on fraud and is actually litigated.[21] Except in limited circumstances not present here, default judgments are not given preclusive effect.[22] Furthermore, the creditor must prove actual fraud and not merely fraud created by a worthless check statute.[23]

■ KC Coring's default judgment on Debtor's violation of the Kansas worthless

---

tendered check by subsequently depositing an account receivable check before the earlier check is drawn upon).

**15.** *In re Couch*, 154 B.R. at 513, citing *In re Guy*, 101 B.R. 961, 979 (Bankr.N.D.Ind. 1988).

**16.** Document filed in Support of Motion for Summary Judgment, Doc. No. 55, Depo. Tr. 45:14–46:21.

**17.** *Id.* at Depo. Tr. 61:22–62:1.

**18.** *In re McKendry*, 40 F.3d 331, 335 (10th Cir.1994), citing *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979).

**19.** *Id.*

**20.** *Id.*

**21.** *In re Wallace*, 840 F.2d 762, 765 (10th Cir.1988).

**22.** The exception deals with defendants who participate in the state court proceeding, but then frustrate efforts to bring the action to trial. *See, e.g., In re Corey*, slip copy, 2007 WL 4563432 (Bankr.D.Kan.2007).

**23.** *See, e.g., Check Control, Inc. v. Anderson (In re Anderson)*, 181 B.R. 943, 948 (Bankr. D.Minn.1995); *Mega Marts, Inc. v. Trevisan (In re Trevisan)*, 300 B.R. 708, 718 (Bankr. E.D.Wis.2003).

check statute[24] is insufficient to except the debt from discharge pursuant to § 523(a)(2)(A).

### D. Miscellaneous Requests for Relief

Debtor filed a counterclaim alleging KC Coring violated the automatic stay by filing the Complaint to Determine Dischargeability of Debt. Debtor also requested damages for the cost of defending the complaint pursuant to 11 U.S.C. § 523(d). Both requests are denied and the counterclaim is dismissed.

 The automatic stay is a statutory injunction against efforts outside the bankruptcy to collect debts from a debtor under the protections of the Bankruptcy Code. Actions taken within the bankruptcy proceeding, while perhaps sanctionable under another statute or court rule, do not violate the automatic stay of 11 U.S.C. § 362.[25] The court may *sua sponte* dismiss a claim for failure to state a claim upon which relief may be granted if it is patently obvious the plaintiff cannot prevail on the facts alleged and allowing an opportunity to amend the complaint would be futile.[26] The court finds these circumstances present.

Damages under 11 U.S.C. § 523(d) are available only for discharged consumer debts[27] and only if the court finds the creditor's position was not substantially justified. Neither situation is present in this case.

### Conclusion

For the foregoing reasons, Debtor's Motion to Dismiss is deemed a motion for summary judgment and is GRANTED. KC Coring's Motion for Summary Judgment is DENIED. Debtor's counterclaim is DISMISSED. Each party shall bear its own costs.

IT IS SO ORDERED.

---

24. K.S.A. § 60–2610.

25. *In re Sammon,* 253 B.R. 672, 680–81 (Bankr.D.S.C.2000).

26. *Glannon v. Garrett & Assoc., Inc.,* 261 B.R. 259, 267 (D.Kan.2001), quoting *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

27. A consumer debt is incurred by an individual primarily for personal, family, or household purposes. 11 U.S.C. § 101(8); *see also Citizens Nat'l Bank v. Burns (In re Burns),* 894 F.2d 361, 363 (10th Cir.1990).